556 So.2d 140 (1990)
Marion K. CAMPBELL
v.
McFaddin KENDRICK d/b/a The Ocean Club and Insurance Company of North America.
No. 89-CA-536.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
Stephen V. Vallot, Kenner, for plaintiff/appellee.
Thomas P. Anzelmo, Lauren A. Welch, McGlinchey, Stafford, Mintz, Cellini & Land, New Orleans, for defendant/appellant.
Before BOWES, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a default judgment in a tort suit by the insurer of the night club in which the plaintiff was injured.
Marion Campbell allegedly injured her foot at the Ocean Club in Jefferson Parish on December 19, 1986 and underwent surgery in November, 1988. She filed suit against McFadden Kendrick d/b/a The Ocean Club and Insurance Company of North America on December 3, 1987; however, only the insurer was served, on July 27, 1988. A preliminary default was taken on October 5, 1988 and on January 9, 1989 judgment was confirmed in favor of Ms. Campbell in the amount of $25,000 in general damages and $3,063.51 in past, present, and future medical expenses, plus interest from date of demand and costs.
The defendant has furnished no explanation of its failure to respond to the suit. The appellant insurer complains that the plaintiff failed to put on a prima facie case as required by La.C.C.P. art. 1702 and raises as issues: 1) whether the evidence produced at the hearing was competent to establish insurance coverage, plaintiff's medical condition, and a causal connection between the accident and the condition requiring surgery; and 2) if so, whether she is entitled to an award of future medical expenses.
*141 This court recently summarized the jurisprudential rules regarding default judgments in Roll-Lite Overhead Doors v. Clover Contr., 527 So.2d 500, 503 (La.App. 5th Cir.1988), writ denied 532 So.2d 115 (La. 1988):
Our jurisprudence states that the judgment of default can be confirmed only by proof of the demand sufficient to establish a prima facie case. Halliday v. Water Works of La., Inc., 425 So.2d 949, 950 (La.App. 5th Cir.1983); La.C.C.P. art. 1702. The essential elements of a prima facie claim upon which a judgment of default may be confirmed must be proved by competent evidence as fully as if each of the allegations had been specifically denied by the defendant. See Halliday, supra; C & V Gravel, Inc. v. Maco Constr. Corp., 465 So.2d 938, 943 (La.App. 2d Cir. 1985), citing Brown v. Tinsley, 433 So.2d 305, 306 (La.App. 1st Cir.1983); Howery v. Linton, 452 So.2d 295 (La.App. 2d Cir. 1984), citing Jones v. Ledet, 383 So.2d 1308, 1314 (La.App. 3d Cir.1980) and Smith v. Doyle, 160 So.2d 791, 792-93 (La.App. 3d Cir.1964).
Evidence of Insurance Coverage
The plaintiff introduced into evidence a letter from a claims representative of CIGNA Insurance Companies to Mrs. Campbell, dated May 15, 1987. The letter referenced "Our Insured: McFadden Kendrick," but merely asked the plaintiff to call him at the Atlanta office regarding her claim. The appellant argues that the insurance contract is an essential element of a prima facie case. La.C.C.P. art. 1702(B)(1) provides:
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
In Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2nd Cir. 1985), a personal injury case, the court held that no valid default judgment can be rendered against an insurer without the introduction of the contract, except where the plaintiff files requests for admissions and the insured fails to reply timely. We agree with the appellant's argument.
Evidence Regarding Medical Condition and Causation
The plaintiff was the only witness at the hearing of the default. She stated that she had been knocked down and had fallen on her foot while trying to leave a crowded rest room where two women were fighting. She testified that her husband took her to East Jefferson Hospital on the night of the accident but gave no testimony as to further treatment until the surgery nearly two years later. The emergency room report stated that the foot was "tender on top of instep" and that she could not tolerate weight bearing. Mrs. Campbell reported "continuous trouble" with the upper part of her left foot until Dr. Steiner, an orthopedic surgeon, operated on her to remove a "neurophoma." Since the surgery the toes on the left foot have been numb, she may no longer wear high heels, no longer is able to play soccer, and she gets cramps in her foot in bed. Dr. Steiner had not discharged her and she was uncertain whether she would incur additional medical expenses in the future.
Documentary evidence consisted of the emergency room report, a medical report of Dr. Steiner's treatment, dated November 30, 1988 but written before the surgery that day, and a letter from Dr. Steiner to plaintiff's counsel reporting on the surgery, along with medical bills from November and December, 1988.
La.C.C.P. art. 1702(D) provides: "When the demand is based upon a claim for personal injury a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony." The physician's letter reports do not comply with those requirements. Zenon v. K-Mart Corp., 525 So.2d 36 (La.App. 3rd Cir.1988). The medical bills are admissible to support the plaintiff's testimony as to the fact that she had surgery on her foot and the costs *142 incurred, but inadmissible to show the services were necessary. Howery v. Linton, 452 So.2d 295 (La.App. 2nd Cir.1984), reversed and remanded on other grounds, 454 So.2d 1283 (La.App. 2nd Cir.1984).
In the case before us the competent evidence offered by the plaintiff is insufficient to comply with the codal requirements for a default judgment and fails to support the court's award. Accordingly, we set aside the default judgment, and in the interest of justice we remand for a full trial of the merits.
JUDGMENT VACATED, CASE REMANDED.