734 So.2d 730 (1999)
Maria E. ARIAS
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE.
No. 98-CA-978.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*731 Richard A. Arias, New Orleans, Attorney for Appellee.
John W. Hite, III, Owen A. Neff, New Orleans, Attorneys for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant State Farm Mutual Automobile Insurance Company ("State Farm") appeals a default judgment in favor of plaintiff Maria Arias ("Arias") in the amount of $60,092.50. We set aside that judgment for the following reasons.
Arias filed suit in the Twenty-Fourth Judicial District Court, alleging that she was injured in an automobile accident on January 21, 1997, and suffered damages both to her person and to her automobile. She averred that she was insured by State Farm for various coverages, including medical payments and uninsured/underinsured motorist benefits, and that the offending vehicle was uninsured. Upon failure of State Farm to timely answer the petition, plaintiff filed a motion for preliminary default, and following confimation proceedings, obtained a default judgment for $60,092.50.
On appeal, State Farm alleges that plaintiff did not carry the burden of the essential elements of her case by competent evidence. Defendant avers that Arias failed to prove the uninsured/underinsured status of the other motorist, and failed to introduce a copy of her insurance policy with State Farm. It is further urged that plaintiff failed to produce competent evidence that she was injured, that she incurred any lost wages, and that she incurred any loss of property as a result of the accident at issue.
Under Louisiana Code Civ. Pro. art. 1702, a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Holmes v. Rachal, 525 So.2d 59 (La.App. 3rd Cir.1988); Booker v. Winding, 522 So.2d 1240 (La. App. 4th Cir.1988); Perrodin v. Zander, 441 So.2d 12 (La.App. 3rd Cir.1983). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.
Thibodeaux v. Burton, 538 So.2d 1001, (La.1989). See also VSA, Inc. v. Catalanotto, 97-897 (La.App. 5th Cir. 1/27/98), 708 So.2d 1090; Campbell v. Kendrick, 556 So.2d 140 (La.App. 5th Cir.1990).
In reviewing a judgment of default, the appellate court is restricted to a determination of whether the record contains sufficient evidence to support a prima facie case. Collins v. Estrade, 93-977 (La.App. 5th Cir. 5/11/94); 638 So.2d 275, 277; Foret v. Terrebone, Ltd., 621 So.2d 855 (La.App. 5th Cir.1993). "In order to obtain a reversal of a default judgment, the appellant must overcome the presumption that the judgment has been rendered upon sufficient evidence and is correct. * * * The presumption that the judgment is correct and that the *732 default was confirmed by proof of the demand sufficient to establish a prima facie case applies unless the contrary appears in the record." Taylor v. Dowden, 563 So.2d 1294, 1296 (La.App. 3rd Cir.1990).
Phillips v. Space Master Intern., Inc., 96-877 (La.App. 5th Cir. 5/14/97), 696 So.2d 64 [emphasis supplied]; see also McRay v. Booker T. Washington Nursing Home 30,399 (La.App. 2nd Cir. 4/8/98), 711 So.2d 772.

Evidence Regarding Insurance Coverage
According to C.C.P. art. 1702(B)(1):
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
No insurance policy, nor any other evidence whatsoever other than plaintiff's testimony, was introduced into evidence in this case. No valid default judgment can be rendered against an insurer without the introduction of the contract, except where the plaintiff files requests for admissions and the insured fails to reply timely. Campbell v. Kendrick, supra; Brown v. Trinity Ins. Co., 480 So.2d 919 (La.App. 2nd Cir.1985). No request for admissions was filed in the present case. Arias did not carry her burden of proof on this issue.

Uninsured Status Of The Tortfeasor
LSA-R.S. 22:1406(D)(6) states the evidentiary requirements in claims under uninsured motorist provisions of liability policies.[1]
The burden of proof in cases falling under the uninsured motorist statutes rests squarely on the plaintiff, while the statute itself designates methods by which a plaintiff may shift the burden of proof. Absent establishment of a prima facie case *733 in accordance with LSA-R.S. 1406(D)(6), some other admissible evidence is necessary.
Cabral v. National Fire Ins. Co., 563 So.2d 533 (La.App. 5th Cir.1990). Arias was obliged to introduce evidence establishing insurance, or the lack thereof, on the part of the tortfeasor. Cabral, supra. Neither evidence nor testimony of the uninsured/underinsured status of the tortfeasor was offered or admitted into evidence.
In brief, appellee avers that the tortfeasor was unknown and not available, analogizing the matter to a hit and run situation. There was no testimony or evidence to this effect at the trial, and we do not consider that argument here.
Plaintiff failed to carry her burden of proof on this issue.

EVIDENCE OF DAMAGES
Appellant argues further that plaintiff did not prove her damages by competent evidence. At the hearing the only evidence presented was the testimony of Ms. Arias. Other jurisdictions have held that the uncorroborated testimony of the plaintiff relative to injuries suffered is sufficient to establish a prima facie case in a default judgment, see McRay v. Booker T. Washington Nursing Home, supra. This court has ruled that the testimony of a plaintiff alone, coupled with medical bills and an emergency room report as competent evidence, were insufficient to comply with the codal requirements for a default judgment and failed to support the court's award. Campbell v. Kendrick, supra; see also Murray v. Griffin, 94-0036 (La.App. 3rd Cir. 6/1/94), 640 So.2d 641. The present case, consisting of only the unsupported testimony of the appellee, fails to comply with the statutory requirements of article 1702.
In summary plaintiff failed to provide sufficient prima facie proof to support a default judgment under both Articles 1702. Thus, that judgment must be and is set aside and the matter is remanded for further proceedings.
DEFAULT JUDGMENT ANNULLED AND SET ASIDE; REMANDED.
NOTES
[1] R.S. 22:1406(D)(6) reads:

In any action to enforce a claim under the uninsured motorist provisions of an automobile liability policy the following shall be admissible as prima facie proof that the owner and operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question:
(a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question. When the owner and the operator of the vehicle in question are the same person, this fact shall be attested to in a single affidavit.
(b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that inquiry has been made pursuant to > R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security, or a sworn notarized affidavit by an official of the Department of Public Safety and Corrections that said department has not or cannot make an inquiry regarding insurance. This affidavit shall be served by certified mail upon all parties fifteen days prior to introduction into evidence.
(c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that the residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.
(d) The effect of the prima facie evidence referred to in (a), (b) and (c) above is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer. LSA R.S. 22:1406, Specific duties of casualty and surety division; uninsured motorist coverage; temporary substitute vehicles and rental vehicles
________Excerpt from pages 45707-45708