861 So.2d 677 (2003)
Joseph M. VENTOLA, III
v.
Roger P. HALL, Interstate Trucking, Inc., Insurance Corporation of Hanover, ABC Insurance Company and Def Insurance Company.
No. 03-CA-0703.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 2003.
*678 Nelson W. Wagar, III, Chopin, Wagar, Cole, Richard Reboul & Kutcher, LLP, Metairie, LA, for Defendant/Appellant (Insurance Corporation of Hanover).
Arthur I. Robison, Allen & Gooch, Lafayette, LA, for Defendant/Appellant, (Interstate Trucking, Inc.).
Jack E. Morris, David J. Maraldo, Metairie, LA, for Plaintiff/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
*679 SOL GOTHARD, Judge.
Defendants, Interstate Trucking Inc. and Insurance Corporation of Hanover appeal from a judgment confirming a preliminary default in favor of plaintiff, and awarding damages of $125,000.00 plus legal interests and costs. For the reasons that follow, we annul and set aside the judgment of the trial court confirming the preliminary default, and we remand this matter for further proceedings.
On July 25, 2001, plaintiff, Joseph M. Ventola, III, filed a petition for damages against Roger P. Hall, Interstate Trucking Inc. ("Interstate"), and Insurance Corporation of Hanover ("Hanover"). In his petition Ventola alleged that on July 3, 2001, while he was in his vehicle and stopped in traffic with his window rolled down, Hall exited Interstate's tractor trailer truck, approached his automobile on the driver's side, and without provocation punched him several times in the face and head through the open driver's side window. Ventola further alleged that, as a result of Hall's battery, he suffered and continued to suffer serious bodily injuries including severe concussion with memory and cognitive loss, a broken nose, fractured septum, and facial lacerations which require reconstructive surgery, as well as severe pain and suffering, mental anguish, emotional distress, embarrassment and humiliation, and loss of enjoyment of life. Ventola alleges that Interstate and Hanover are jointly and solidarily liable with Hall for the damages caused by Hall's battery.
On September 18, 2001, Ventola took a preliminary default against the defendants. A confirmation hearing was conducted On October 22, 2002. Entered into evidence at the hearing was live testimony from the plaintiff, documents from the Mississippi Secretary of State and The United States Department of Transportation, the police report of Hall's arrest, Hall's affidavit admitting his actions, medical records and bills and photographs of plaintiff. Thereafter the trial court rendered judgment confirming the default against all defendants.
In its appeal, Hanover argues that the trial court erred in rendering a default judgment without proof of insurance coverage. It further argues that the trial court committed manifest error in awarding damages which were not supported by competent evidence. Interstate argues that the trial court erred in finding it vicariously liable for the acts of Hall, and in awarding damages absent competent evidence.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702 A. For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though the defendants denied each of the allegations in the petition. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Schaff v. Cardinal Services, Inc., 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280; writ denied XXXX-XXXX (La.6/1/01) 793 So.2d 196, citing Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989).
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment. La. C.C.P. art. 1702(B)(1).
The determination of whether there is sufficient proof is a question of fact and *680 should not be disturbed on appeal unless it is manifestly erroneous. Schaff, supra.

PROOF OF INSURANCE
Hanover argues that the insurance contract is an essential element of the prima facie case. Because plaintiff failed to introduce the insurance contract into evidence, the trial court erred in rendering a default judgment against it. Plaintiff concedes in brief that because the record contains no copy of the insurance policy Hanover issued to Interstate, the issue of insurance coverage may be subject to remand.
No valid default judgment can be rendered against an insurer without the introduction of the insurance contract, except where the plaintiff files requests for admissions and the insured fails to reply timely. Arias v. State Farm Mut. Auto. Ins. Co., 98-978 (La.App. 5 Cir. 3/10/99), 734 So.2d 730; Campbell v. Kendrick, 556 So.2d 140 (La.App. 5 Cir.1990). No requests for admission were filed in the record in this case. Accordingly, plaintiff failed to meet his burden of proof and the trial court erred in granting a default judgment on this issue.

COURSE AND SCOPE OF EMPLOYMENT
Interstate argues that the plaintiff failed to present prima facie evidence to prove that Hall was acting in the course and scope of his employment in striking the plaintiff.
The Louisiana Supreme Court has said that:
The law in this area is clear that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury.
According to Louisiana Civil Code article 2320, "masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." In fact, this Court has held that in order for an employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."
An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. (Citations omitted.)
Baumeister v. Plunkett, et al., 95-2270 (La.5/21/96), 673 So.2d 994, 996.
In the case of Lee v. Delta Air Lines, 00-1034 (La.App. 5 Cir. 1/30/01), 778 So.2d 1169, 1174, this court said:
Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. The factors to be considered in determining whether an employer may be liable for an intentional tort of an employee are whether the tortious act was primarily employment rooted, reasonably incidental to the performance of the employee's duties, occurred *681 on the employer's premises, and occurred during the hours of employment. Only tortious conduct so closely connected in time, place, and causation to the employment duties as to be regarded as a risk of harm fairly attributable to the employer "business imposes vicarious liability on an employer. Conduct motivated by purely personal considerations entirely extraneous to the employer" interests does not. (Citations omitted.)
In support of his claim against Interstate, plaintiff introduced the affidavit of Hall, wherein he stated that "... while acting in the course and scope of my employment with Interstate Trucking, Inc., I was driving Interstate Trucking Inc.'s blue 1998 Volvo tractor-trailer truck ... while in stop-and-go traffic, I exited Interstate Trucking Inc.'s tractor-trailer truck, approached a Ford Mustang which was stopped in traffic in front of the tractor-trailer truck, and punched the driver of the Ford Mustang several times in the face and head through the open driver's side window." Although Hall, in his affidavit, states that he was in the course and scope of his employment, he does not explain how his actions in exiting his truck and punching a motorist in the face was employment rooted, or incidental to his job. Furthermore, striking an unrelated motorist in the face while stopped in traffic cannot be regarded as a risk of harm fairly attributable to the employer's business. Accordingly, we find that the trial court was manifestly erroneous in finding that plaintiff presented a prima facie showing that driver's actions were in the course and scope of his employment so as to hold company liable for his actions.

DAMAGES
Both Interstate and Hanover argue that the plaintiff did not present sufficient evidence to support the award of damages in this case. Again, plaintiff concedes in brief that the evidence in the record may be insufficient to support the award of damages.
La. C.C.P. art. 1702(D) provides that "When the demand is based upon a claim for personal injury a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony."
We find that plaintiff offered his testimony, as well as medical records; however, he failed to offer a sworn narrative report of his treating physician. This court has found such evidence to be insufficient to comply with the codal requirements for a default judgment. Arias v. State Farm, supra; Campbell v. Kendrick, supra.
In this case, plaintiff failed to provide sufficient evidence to support a default judgment pursuant to La. C.C.P. art. 1702. Accordingly, the judgment of the trial court granting plaintiff's confirmation of a default judgment against Interstate Trucking Inc. and Insurance Corporation of Hanover is annulled and set aside and the matter is remanded to the district court for further proceedings. All costs are assessed against plaintiff/appellee.
DEFAULT JUDGMENT ANNULLED AND SET ASIDE; CASE REMANDED.