917 So.2d 1149 (2005)
Susan DUFRENE
v.
Norris C. CARTER and Werner Enterprises, Inc.
No. 05-CA-335.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 2005.
*1150 Neil D. Sweeney, Steven K. Schilling, Baton Rouge, LA, for Plaintiff/Appellee.
Durward D. Casteel, Sherri A. Young, Melanie A. Verzwyvelt, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES C. GULOTTA, Judge Pro Tempore.
Defendant, Werner Enterprises, Inc. ("Werner"), appeals from a judgment confirming a preliminary default in favor of plaintiff, and awarding damages in the amount of $278,723 plus legal interest and costs. We reverse and set aside the judgment and remand the matter for further proceedings.
In plaintiff's petition she alleges that on January 27, 2003, as manager of a Family Dollar store ("the store"), she was assisting in the unloading of merchandise from a semi-tractor trailer truck driven by Werner employee, Norris Carter. Plaintiff further alleges Carter had the unloading ramp elevated to such a degree packages came down the roller ramp at a very rapid rate of speed and with great force. She alleges that Carter refused to lower the ramp in order to slow down his placement of packages on the ramp, despite repeated requests by plaintiff and her co-workers, resulting in one of the heavier packages injuring plaintiff's thumb. As a result, plaintiff claims she suffered severe injury to her thumb and hand; Carter was in the course and scope of his employment by Werner at the time of this incident; and Werner is liable under the doctrine of respondeat superior.
Werner was served with the petition via its registered agent for service of process on February 5, 2004. Service was never perfected upon Carter. Thereafter, Werner neither answered nor filed other responsive pleadings.
On July 6, 2004, plaintiff obtained a preliminary default judgment against Werner. After a confirmation hearing on November *1151 2, 2004 the matter was left open, during which time additional evidence was submitted to the court. On January 10, 2005, the trial judge confirmed the default and entered judgment against Werner, awarding plaintiff damages totaling $278,723 (plus legal interest and costs), which it itemized as follows:

 Past Medical Expenses: $ 23,963
 Past Lost Wages: $ 29,760
 Future Lost Wages: $100,000
 General Damages: $125,000

Werner appeals.
On appeal, Werner raises eight assignments of error. Werner argues that plaintiff did not present a prima facie case of liability or damages; the judgment amount is grossly excessive; plaintiff failed to prove a relationship between Norris Carter and Werner; plaintiff failed to prove any negligence on the part of either Norris Carter and Werner, or a lack of negligence on the part of the plaintiff; plaintiff failed to provide expert testimony with regard to alleged special damages; plaintiff failed to provide original certified medical records for plaintiff's special damages; and, the evidence submitted by plaintiff was incompetent and/or inadmissible, therefore was insufficient to satisfy the statutory requirements of proof of a prima facie case under La. C.C.P. art. 1702.

Prima Facie Case
In its first two assignments of error, Werner argues plaintiff did not present a prima facie case of liability or damages. Werner relies on La. C.C.P. art. 1702(A) which provides "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case."
We agree. To obtain a default judgment, one must establish the elements of a prima facie case with competent evidence, as fully as though the defendant denied each of the allegations in the petition. Ventola v. Hall, 03-0703 (La.App. 5 Cir. 11/12/03), 861 So.2d 677. The plaintiff must present competent evidence that convinces the court that it is probable that she would prevail on the merits in a trial. Id. In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposing party. Hall v. Folger Coffee Co., 02-0920 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234.
La. C.C.P. art. 1702(B)(2) provides:
When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
La. C.C.P. art. 1702(D) provides:
When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician ... may be offered in lieu of his testimony.
Plaintiff's treating physician did not testify in this personal injury case and a sworn narrative report was not offered in lieu of his testimony. The testimony offered at the confirmation hearing was that of plaintiff, her two children, Tony Tardo and Nicole Oncale, and a personal friend and fellow Family Dollar Manager, Jeannie Johnson.
Plaintiff testified on January 27, 2003 the store was receiving its weekly delivery of boxes from Werner; Carter was driving the Werner truck and was "agitated" and "had an attitude." Plaintiff further testified one of her job duties as manager of the store was to help unload the vehicle; she checked the boxes as they came down a ramp into the store to "make sure what you're getting is yours." She stated normally *1152 the drivers keep the ramp "pretty level" as they are taking boxes off the truck, putting them on the rack, and giving them a shove after they get "so many"; however, on January 27, 2003 she and her co-workers had to continuously tell Carter the ramp was too high and asked him to slow down the unloading. Plaintiff further testified Carter continued to tell them to "mind [their] own business, it was his truck, do [their] job" and he kept putting the incline higher; it looked "like [Carter] was doing it intentionally." Plaintiff stated she had "to keep stopping the boxes so it wouldn't hurt anybody as they were coming in" and as she stopped one box another one came behind it "and took [her] thumb and pushed it all the way back." She testified as a result of this hyperextension she had two surgeries on her left thumb and was scheduled for a third surgery to fuse the second joint of the thumb.
Plaintiff testified the injury has affected her relationship with her husband and her family. She also stated she lost her job as manager of Family Dollar on September 8, 2004 which paid $690.00 a week; she has not found employment since being let go, but is receiving $416.00 per week in workers' compensation.
Jeannie Johnson testified she was a "holding manager" at the store while plaintiff was out for her first surgery. She stated plaintiff's duties at the store included helping to unload the delivery truck. She also testified she knows plaintiff personally and plaintiff has not been able to do things "we take for granted" because of the injury.
Plaintiff's son, Tony Tardo, testified the injury has made it difficult for plaintiff to visit her children, tie her shoes, and cook; and it has caused her financial hardship. Plaintiff's daughter, Nicole Oncale, testified plaintiff missed many of her grandchildren's functions at school and was unable to hold Oncale's three year old twins.
Plaintiff's documentary evidence consists of a certificate from Louisiana's Secretary of State indicating defendant's agent for service of process, three pay stubs from Family Dollar, plaintiff's affidavit[1], and plaintiff's medical records.
The medical records offered into evidence include medical bills, operating room nurses notes, physician progress notes, letters, and reports (visit, status, operative, and laboratory). While there are copies of brief letters from plaintiff's physician, there are no sworn narrative reports.
Plaintiff contends that, pursuant to La. R.S. 13:3714[2], the medical records are, as a matter of law, prima facie proof of their contents. We disagree. La. R.S. 13:3714 provides, in pertinent part, "that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination." (emphasis added). Reference is made in the statute to a *1153 trial and not to confirmation of a default. La. R.S. 13:3714 contemplates a trial and, as we read the statute, it does not pertain to default judgment cases. Rather, La. C.C.P. 1702(D) specifically deals with default matters. While La. R.S. 13:3714 is a general statute, La. C.C.P. 1702(D) is a specific statute. Where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail. Filson v. Windsor Court Hotel, 04-2893 (La.6/29/05), 907 So.2d 723; Bell v. Kreider, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, writ denied, 03-2875 (La.1/9/04), 862 So.2d 986.
Plaintiff is required to establish not only the quantum of her damages but also the causal connection between her injuries and the accident. Hall v. Folger Coffee Co., supra. To establish this causal connection, she must introduce competent evidence establishing that it is more probable than not that the injuries were caused by the trauma suffered in the accident. Id. It is clear that plaintiff failed to offer either a sworn narrative report or testimony of her treating physician to establish her case. There simply was no compliance with La. C.C.P. art. 1702(D).
This Court has found such evidence to be insufficient to comply with the codal requirements for a default judgment. Ventola v. Hall, supra; Arias v. State Farm Mut. Auto. Ins. Co., 98-978 (La.App. 5 Cir. 3/10/99), 734 So.2d 730; Campbell v. Kendrick, 556 So.2d 140 (La.App. 5 Cir.1990).
Because of lack of competent medical evidence we conclude that plaintiff failed to establish a prima facie case supporting an award of $278,723 plus legal interest and costs.
Accordingly, we reverse and set aside the default judgment in favor of plaintiff.
We remand this matter for further proceedings.
REVERSED; SET ASIDE; AND REMANDED.
NOTES
[1] In her affidavit plaintiff states her salary was $690 per week at the time of the injury and the injury caused her to miss 43 weeks of work to date. Attached to the affidavit are two pictures of a hand and W-2 forms for 2000 through 2003. Plaintiff states the attached photos are of her hand following a third surgery; she has a metal rod in her thumb and can not bend it, precluding manual labor with her hand. Plaintiff further states the attached documents are true and correct copies of her W-2 forms.
[2] La. R.S. 13:3714, as amended in 1999, provided as follows: "Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A)(1), certified or attested to by the state health care provider or the health care provider, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination."