WALTER J. ROTHSCHILD, Judge.
|2In this suit for personal injuries, defendant appeals from a default judgment rendered in plaintiffs favor. The issue presented is whether the evidence introduced by the plaintiff, Frederick Gonzales, against defendant HA Logistics to confirm the default judgment was sufficient to establish a prima facie case under La. C.C.P. art. 1702. After reviewing the record and the applicable law, we find that the plaintiff failed to sustain his burden of proof for confirmation of the default judgment and we therefore must vacate the judgment and remand for further proceedings consistent herewith.

Factual and Procedural History

On March 10, 2005, Frederick Gonzales, an employee of Sundown Express, Inc., filed the instant petition for damages against Build-A-Bear Workshop, Inc. (“Build-A-Bear”) and its insurer for injuries he sustained while delivering a bale of cotton to defendant’s location at Lakeside Shopping Center in Metairie, Louisiana. Build-A-Bear subsequently filed an answer denying the allegations of the petition. Thereafter, the workers’ lacompensation insurer for Sundown Express, Inc. filed a petition to intervene in the proceedings for benefits paid to Gonzales as a result of his injuries.
Discovery proceeded in this matter, and on June 18, 2008, defendant Build-A-Bear filed a third party demand against HA Logistics, Inc. based on a contract between the two entities regarding the movement of supplies for Build-A-Bear’s business. Build-A-Bear asserted it was entitled to a defense and indemnity from HA Logistics for plaintiffs claim for personal injury pursuant to the terms of this contract. A copy of the agreement between the parties was attached to the third party demand.
On June 23, 2008, plaintiff filed a Supplemental and Amending Petition naming as defendant “HA Longistics, Inc.” “HA Longistics, Inc.” was served via certified mail pursuant to the Long Arm Statute on July 12, 2008. No answer was filed on behalf of this defendant, and the trial court entered a preliminary default on August 12, 2008. However, this default was subsequently vacated by the trial court as “HA Longistics, Inc.” was not the proper defendant in these proceedings.
*29 The record also contains a Joint Motion for Partial Dismissal which was signed by the trial court on November 6, 2008 indicating that the claims between plaintiff and Build-A-Bear were settled and dismissing those claims, but reserving plaintiffs rights to proceed against HA Logistics, Inc.
On November 18, 2008, plaintiff filed a 2nd Supplemental and Amending Petition correctly naming HA Logistics, Inc. as defendant in the main demand. This defendant was served at its corporate address via certified mail pursuant to the Long Arm Statute on December 1, 2008, and no answer was filed on behalf of this defendant. The trial court entered a preliminary default against HA Logistics, Inc. on January 22, 2008. On |4January 29, 2009, the trial court confirmed the prelimi-nai’y default and entered judgment against defendant, HA Logistics, Inc. in the amount of $211,384.65, together with costs and judicial interest from March 10, 2005.
HA Logistics, Inc. now appeals from this judgment on the basis of several assignments of error: that the trial court erred in finding plaintiff met his burden to establish a prima facie case pursuant to La. C.C.P. art. 1702; that the trial court erred in failing to quantify comparative fault of all parties prior to entering judgment; that the trial court erred in holding that judicial interest ran from the date of the original demand. Because we find merit in defendant’s first assignment of error which requires us to vacate the judgment, it is unnecessary to reach the remaining assignments.

Applicable Law

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702 A. For a plaintiff to obtain a default judgment, he must establish the elements of a prim,a facie case with competent evidence, as fully as though the defendant denied each of the allegations in the petition. The plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Schaff v. Cardinal Services, Inc., 00-1164 (La.App. 5 Cir. 2/14/01), 778 So.2d 1278, 1280, writ denied, 01-1035 (La.6/1/01) 793 So.2d 196, citing Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of |fithe case, require additional evidence in the form of oral testimony before entering judgment. La. C.C.P. art. 1702(B)(2). When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony. La. C.C.P. art. 1702(D).

Standard of review

The determination of whether there is sufficient proof to support a default judgment is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Ledet v. Moe, 03-745 (La.App. 5 Cir. 12/9/03), 864 So.2d 643, 644. Where it is uncontested that entry of the default judgment was procedurally proper, appellate review is limited to determining whether there was sufficient evidence introduced at the default confirmation hearing to support the default judgment. Akerman v. Dawes, 94-757 (La.App. 4 Cir. 1/19/95), 658 So.2d 1270, 1271-1272.

Prima Facie Case

In its first assignment of error, HA Logistics argues that plaintiff did not pres *30 ent a prima facie case of liability or damages, citing La. C.C.P. art. 1702. While we pretermit the issue of whether the evidence submitted by plaintiff with regard to liability is sufficient to prove a prima facie case, we find the medical evidence to be insufficient to meet plaintiffs burden.
At the confirmation hearing, plaintiff submitted the following: excerpts from depositions of the corporate representatives of Build-A-Bear and Sundown Express, Inc., a copy of an agreement between HA Logistics and Build-A-Bear, plaintiffs wage records, certified copies of plaintiffs medical records and plaintiffs own testimony regarding the accident and his injuries.
11,Plaintiff testified that at the time of the accident herein, he was employed by Sundown Express, Inc. and was making a delivery to Build-A-Bear location in Lakeside Shopping Center. He identified his wage records and stated that he was paid based upon the number of and weight of deliveries he made every day. He stated that the cotton bale he was delivering to Build-A-Bear on the date in question weighed approximately 700 pounds. During this delivery, Build-A-Bear employees furnished him a furniture cart which was smaller than the cart usually used for this delivery and that the weight of the cotton broke the cart and the bale of cotton fell on top of him. Plaintiff was shown a copy of the agreement between HA Logistics, Inc. and Build-A-Bear and he testified he had never seen the agreement and no one had told him of the manner of making deliveries specified in the agreement. He testified he was not given training by HA Logistics on how to deliver the bales of cotton. He also testified that the bales of cotton did not arrive strapped onto a cart as indicated in the agreement.
Plaintiff briefly described the injury to his neck, the medical treatment he received, the amount of time he was out of work and his inability to continue to work as a delivery person. He also testified that he underwent surgery on his neck and described his level of pain as a result of this injury.
Plaintiff also submitted excerpts of the deposition testimony of two corporate representatives from Build-A-Bear. Julie Ann Phillips stated that she completed an accident report for plaintiffs injuries on March 16, 2004 and Jeffery Lynn Fullmer testified that Build-A-Bear entered into a contract with HA Logistics, Inc. in 2002 to deliver their products to their stores. Mr. Fullmer identified the contract in question as a true and correct copy and the 17contract was attached to his deposition. He stated that pursuant to the agreement, HA Logistics had the duty to communicate the method of delivery contained in the agreement to their independent contractors and failure to do so would be considered a violation of the agreement.
We first consider the issue of whether the medical evidence submitted by plaintiff is sufficient to meet his burden of establishing a prima facie case. To obtain a default judgment, one must establish the elements of a prima facie case with competent evidence as fully as though the defendant denied each of the allegations of the petition. Ventola v. Hall, 03-703 (La.App. 5 Cir. 11/12/03), 861 So.2d 677. In a claim for personal injuries, La. C.C.P. art. 1702(D) states that “a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.”
None of plaintiffs treating physicians testified in this personal injury case and there were no sworn narrative reports offered in lieu of testimony. The medical records offered into evidence include certified copies of medical bills and statements, pharmacy receipts, health insurance claims, physician progress notes, letters *31 and reports and operating room reports. The only reference to causation in these records is contained in a letter from Dr. Stewart Altman to an insurer dated March 29, 2004, several weeks after the accident, that plaintiffs symptoms of mild spine and shoulder strain are causally related to the accident.
Plaintiff contends that it is not necessary to introduce either testimony or sworn narrative reports of his treating physicians to meet his burden of proof under La. C.C.P. art. 1702(D). Plaintiff relies on Oliver v. Cal Dive Intern., Inc., 02-1122 (La.App. 1 Cir. 4/2/03), 844 So.2d 942, 945, writ denied, 03-1230 (La.9/19/03), 858 So.2d 638 and writ denied, 03-1796 (La.9/19/03),8 853 So.2d 648, in which the First Circuit held that a physician’s letters in the medical records that plaintiff could no longer continue in his profession were sufficient to establish prima facie proof of the treating physician’s professional diagnosis. Plaintiff also relies on Arias v. Stolthaven New Orleans L.L.C., 07-650 (La. App 4 Cir. 3/19/08), 980 So.2d 791, 803, reversed on other grounds, 9 So.3d 815 (La.5/5/09), 08-1111, in which the Fourth Circuit adopted the ruling in Oliver and held that a prima facie case concerning medical issues may be made for default purposes under La. C.C.P. art. 1702(B)(2) without either oral physician testimony or a sworn narrative report thereof, depending on the quality of the evidence offered. In that case, the Court found that the trial court committed no error in receiving the certified medical records offered by the plaintiffs in support of the default confirmation.
Although other jurisdictions have found that the lack of a sworn narrative report required by La. C.C.P. art. 1702 does not invalidate a default judgment rendered on other evidence, this Court has repeatedly held otherwise. A line of jurisprudence from this Circuit supports a conclusion that the medical evidence presented in this case does not meet plaintiffs burden of presenting a prima facie case. In a similar factual situation, a panel of this Court held that a sworn narrative report or testimony of plaintiffs treating physician is necessary to establish the causal connection between plaintiffs accident and her injuries. Dufrene v. Carter, 05-335 (La.App. 5 Cir. 11/29/05), 917 So.2d 1149, 1153. Further, this Court has held that physician’s letter reports do not comply with the requirements of La. C.C.P. art. 1702(D). Campbell v. Kendrick, 556 So.2d 140, 141 (La.App. 5 Cir.1990). The medical bills may be admissible to support the plaintiffs | testimony as to the fact that plaintiff had surgery and the costs incurred, but inadmissible to show the services were necessary. Id. See also, Ventola v. Hall, 03-703, (La.App. 5 Cir. 11/12/03), 861 So.2d 677, 681; Arias v. State Farm Mut. Auto. Ins. Co., 98-978 (La.App. 5 Cir. 3/10/99), 734 So.2d 730.
We are bound to follow previous holdings from this Circuit that the type of evidence presented herein is insufficient to comply with the codal requirements for a default judgment. In the present case, we find that the evidence submitted by plaintiff with regard to causation and medical damages is not sufficient to prove a prima facie case. We conclude that plaintiff has failed to establish a prima facie case supporting the award of $211,384.65. Accordingly, we vacate and set aside the default judgment rendered in favor of plaintiff and we remand for further proceedings.

VACATED AND REMANDED

WICKER, J., concurs with reasons.