SUSAN M. CHEHARDY, Judge.
12This is a personal injury and products liability suit arising out of an allegedly defective orthopedic device that was implanted in the plaintiff’s wrist. The plaintiff obtained a default judgment against the defendant. The defendant appeals. We vacate and remand.
PROCEEDINGS BELOW
Henry Mount filed suit against Hand Innovations, LLC, a Division of DePuy Orthopaedics, Inc. (“Hand Innovations”), on September 29, 2010. He alleged he was severely injured in a motorcycle accident in November 2007 and, as a result, underwent surgery in which a plate and screw manufactured by the defendant were implanted in his left wrist. In October 2009, he underwent surgical removal of the plate and screw, which had broken and required replacement. Subsequently he had to undergo more surgery for removal of the replacement and, eventually, for fusion of the wrist joint. He alleged that Hand Innovations was at fault in manufacturing a device that is unreasonably dangerous in construction or composition and unreasonably dangerous in design, and in other acts of negligence to be shown at trial. He sought damages for physical pain and suffering, mental and emotional pain and suffering, disability, lost wages, medical expenses, and loss of enjoyment of life.
|sThe suit was served on Hand Innovations, LLC, on November 29, 2010, pursuant to the Long-Arm Statute, La. R.S. 13:3201 et seq.
On February 4, 2011, the plaintiff entered a preliminary default against the defendant.
On April 12, 2011, the plaintiff confirmed the default judgment in a hearing at which he testified as follows:
Following a motor vehicle accident in 2007, he underwent surgery in which a plate and screw manufactured by Hand Innovations were inserted in his left wrist. In October 2009, x-rays showed that the plate had broken, so the plaintiff underwent surgery for removal of the plate and fusion of the wrist. Since then, he has had to undergo two additional surgeries to redo the wrist fusion. He also underwent physical therapy in 2010 as a result of the surgeries in 2009.
*942 Since 2009, his use of the arm changed tremendously. He has very limited use of his arm and that limitation is permanent. He cannot lift anything or hold anything for very long, he cannot hold anything that weighs more than a pound, he can turn his wrist only a certain way, and he cannot bend it up or down because it is fused. Prior to the October 2009 surgery, he had more use of the arm.
The plaintiff testified further that he owns a restaurant. The limitations imposed by his arm have affected his work there. He cannot do anything with his left hand, so he has had to hire someone else to take his place. He has been paying that employee $10 an hour, or approximately $300 a week, since October 2009. The restaurant is open year-round and is closed just one day a week.
On questioning by the court, the plaintiff said he has had fusions twice in the same arm. After the first fusion, he had full use of his hand. After the plate broke and he had to get the second fusion, however, he has had various difficulties and cannot bend his hand at all.
|4Counsel for the plaintiff introduced certified copies of hospital medical records, hospital billing reports, and a billing statement for physical therapy. The plaintiff identified the records, reports and statement, and testified he had undergone the procedures described in the operative reports.
The court left the matter open to allow the plaintiff to supplement the exhibits and for a post-trial memorandum on quantum.
On February 1, 2012, the court entered judgment confirming the preliminary default in favor of the plaintiff and against the defendant. The judgment awarded the plaintiff general damages in the amount of $150,000.00 and special damages in the amount of $1,084.85, with interest from date of judicial demand until paid in full, and for all costs of the proceedings.
On March 9, 2012, the defendant filed a petition for suspensive appeal. The order of appeal was signed that same day.
ASSIGNMENTS OF ERROR
On appeal, Hand Innovations contends the trial court erred in confirming the default judgment against it for the following reasons: (1) the plaintiff offered no sworn medical causation evidence to establish that his injuries and resultant surgery and treatment were caused by a defective orthopedic device; (2) the trial court allowed the plaintiff to avoid the requisite elements and burden of proof of his defective design or manufacturing claims under the Louisiana Products Liability Act, by relying on an inappropriate application of the doctrine of res ipsa loquitur and his own self-serving testimony; and (3) the trial court awarded damages without requiring the plaintiff to establish a prima facie case against the defendant under products liability law.
The defendant argues these errors require that the default judgment be vacated and the case remanded for trial on the merits, “for Mount to make a proper | ¡¡showing as to: Hand Innovations’ involvement in this matter; the identity of the particular device; the reasons for the alleged failure; the necessity for the surgery; and his alleged damages.”
In response, the plaintiff argues that the district court’s findings are subject to deference, that the district court properly applied the doctrine of res ipsa loquitur, that the evidence submitted was sufficient and in proper form, that the oral testimony was proper, and that the damage award was justified. In addition, the plaintiff has filed an answer to the appeal, in which he asserts the district court erred in failing to *943 award him the retail value of the medical bills introduced into evidence.
LAW AND ANALYSIS
Confirmation of a default judgment is similar to a trial; it requires, with admissible evidence, “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A).
When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
La. C.C.P. art. 1702(B)(2).
When an appellate court finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to re-determine the facts de novo from the entire record and to render a judgment on the merits. Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
|fi“In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.... This determination is a factual one governed by the manifest error standard of review.” Arias, 2008-1111 at p. 5, 9 So.3d at 818.
The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989).
A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. Sessions, 616 So.2d at 1258. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703. The rules of evidence generally apply. “Except as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of questions of fact in all contradictory judicial proceedings and in proceedings to confirm a default.” La. C.E. art. 1101(A).
The first assignment of error concerns whether the trial court erred in allowing the plaintiff to establish medical causation without the use of either the testimony of or a sworn narrative from his treating physician.
The Code of Civil Procedure states, “When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.” La. C.C.P. art. 1702(D).
|7The language of Article 1702(D) is clear that some type of sworn statement of the treating physician is required — either testimony (which by its nature is sworn, e.g., a deposition)[1] or a sworn narrative report, e.g., an affidavit.
*944 In this case, the only medical evidence offered by the plaintiff is his own testimony as to his injury and surgeries, and certified copies of operative notes on two surgical procedures, both stating the patient was Henry Mount and the surgeon was Frederick Wilson, M.D. The first procedure was on October 14, 2009, and the second on December 18, 2009. In addition, the plaintiff placed in evidence certified copies of various medical bills.
A certified copy of a medical record is not the same as a sworn statement by a physician, however. For example, we have held that a physician’s letter reports did not comply with the requirements of Article 1702(D). Campbell v. Kendrick, 556 So.2d 140, 141-142 (La.App. 5th Cir.1990). Similarly, although we have found medical bills admissible to support a plaintiffs testimony as to the fact that she had surgery and the costs incurred, we held they were inadmissible to show the services were necessary. Id.
We find the evidence presented here is insufficient to make a prima facie case. Thus, there was not enough evidence to support the default judgment, and it must be vacated.
Because we vacate the judgment based on the first assignment of error, we need not address the other assignments.
| «DECREE
Accordingly, the judgment is vacated and the matter is remanded for a full trial of the merits. We pretermit awarding costs for this appeal, leaving it to the trial court to determine which party ultimately shall be responsible for the costs.

VACATED AND REMANDED

. "Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and *944 impress his mind with his duty to do so.” La. C.E. art. 603.