SUSAN M. CHEHARDY, Chief Judge.
I pin this suit for personal injuries, appellant, John M. Wattigny, appeals from a default judgment rendered in favor of ap-pellee, Erich Christopher Puderer. For the reasons that follow, we vacate the judgment of the trial court and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

On April 19, 2007, Erich Christopher Puderer filed a petition for damages against Honey’s Amusement Corporation and John M. Wattigny for injuries he suffered in an altercation at Honey’s Pool Parlor in Gretna, Louisiana on April 23, 2006. Service on defendants could not be made, so on July 25, 2007, the trial court granted Mr. Puderer’s motion to appoint a special process server. On November 26, 2007, a return of service was filed indicating that Honey’s Amusement Corporation, through its registered agent Robert L. Wattigny, and John M. Wattigny had both been served on November 9, 2007 at 52 Westbank Expressway in Gretna.
|3F ollowing defendants’ failure to answer, on December 6, 2007, the trial court entered a preliminary default against defendants. Then, on November 10, 2010, the trial court again entered a preliminary default against defendants. On August 26, 2013, Mr. Puderer filed a motion for confirmation of default judgment. A hearing on the motion was held on November 4, 2013, wherein Mr. Puderer testified that on April 23, 2006, John M. Wattigny punched him in the face several times. Mr. Puderer and his mother also testified regarding his mental and physical condition prior to the incident, the injuries he sustained, the treatment he received, and his current mental and physical condition.
On December 3, 2013, the trial court confirmed the preliminary default and entered judgment against defendants in the amount of $107,283.65, together with interest and costs from the date of judicial demand. John M. Wattigny now appeals.

ASSIGNMENTS OF ERROR

On appeal, Mr. Wattigny raises three assignments of error: (1) appellee failed to *251 establish a prima facie case entitling him to judgment because neither sworn testimony nor a sworn narrative report of the treating physician was introduced into evidence as required by La. C.C.P. art. 1702(D); (2) appellee failed to establish by sufficient evidence that Mr. Wattigny had been served; and (3) the trial court failed to apportion liability among the parties nor establish why apportionment was not required.

DISCUSSION

For a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though the defendant denied each of the allegations in the petition. Gonzales v. Build-A-Bear Workshop, Inc., 09-368 (La.App. 5 Cir. 12/8/09), 30 So.3d 27, 29. This requires the plaintiff |4to establish a causal connection between his injuries and the accident by introducing competent evidence establishing that it is more probable than not the accident at issue caused his injuries. See Dufrene v. Carter, 05-335 (La.App. 5 Cir. 11/29/05), 917 So.2d 1149, 1153. When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. Gonzales, supra (citing La. C.C.P. art. 1702(B)(2)). The determination of whether there is sufficient proof to support a default judgment is a question of fact and should not be disturbed on appeal unless it is manifestly erroneous. Id.
Turning to Mr. Wattigny’s first assignment of error, La. C.C.P. art. 1702(D) provides: ‘When the demand is based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.” Mr. Wattigny contends that the trial court erred in confirming the default judgment without a sworn narrative report or testimony of Mr. Puderer’s treating physician in violation La. C.C.P. art. 1702(D).
In response, Mr. Puderer contends that it is not necessary to introduce either testimony or a sworn narrative report of his treating physicians to meet his burden of proof under La. C.C.P. art. 1702(D). In support of this, he relies on Oliver v. Cal Dive Intern., Inc., 02-1122 (La.App. 1 Cir. 4/2/03), 844 So.2d 942, 945, writ denied, 03-1230 (La.9/1-9/03), 853 So.2d 638 and unit denied, 03-1796 (La.9/19/03), 853 So.2d 648, in which the First Circuit Court of Appeal held that a physician’s letters in the medical records that plaintiff could no longer continue in his profession were sufficient to establish prima facie proof of the treating physician’s professional diagnosis.
|5Mr. Puderer also relies on Arias v. Stolthaven New Orleans L.L.C., 07-650 (La.App. 4 Cir. 3/19/08), 980 So.2d 791, 803, rev’d on other grounds, 08-1111 (La.5/5/09), 9 So.3d 815, in which the Fourth Circuit Court of Appeal adopted the ruling in Oliver and held that a prima facie case concerning medical issues may be made for default purposes under La. C.C.P. art. 1702(B)(2) without either oral physician testimony or a sworn narrative report thereof, depending on the quality of the evidence offered. In Arias, the Court found that the trial court committed no error in receiving the certified medical records offered by the plaintiffs in support of the default confirmation.
Although other jurisdictions have found that the lack of a sworn narrative report or testimony as required by La. C.C.P. art. 1702(D) does not invalidate a default judgment rendered on other evidence, this Court has consistently held otherwise. Gonzales v. Build-A-Bear Workshop, Inc., *252 09-368 (La.App. 5 Cir. 12/8/09), 30 So.3d 27, 31. This Court has held that a sworn narrative report or testimony of plaintiffs treating physician is necessary to establish the causal connection between plaintiffs accident and injuries. Id. (citing Dufrene v. Carter, 05-335 (La.App. 5 Cir. 11/29/05), 917 So.2d 1149, 1153); see also Mount v. Hand Innovations, LLC, 12-326 (La.App. 5 Cir. 11/27/12), 105 So.3d 940, 943-44; Ventola v. Hall, 03-0703 (La.App. 5 Cir. 11/12/03), 861 So.2d 677, 681; Campbell v. Kendrick, 556 So.2d 140, 141-42 (La.App. 5 Cir.1990).
In any event, Mr. Puderer contends that he has met his burden of proof with medical records, medical bills, photographs, as well as his and his mother’s testimony. He specifically points to three medical records that he contends contain narrative reports sufficient to support his injuries, their causation, and his treatment. These three records are an “Emergency Physician Record” completed on April 24, 2006 by an emergency room physician, a “Report of Operation” | ^completed by Dr. Thomas M. Irwin regarding nasal surgery performed on Mr. Puderer on June 12, 2006, and an “Outpatient Operative Report” completed by Dr. Will K. Austin regarding nasal surgery performed on Mr. Puderer on February 13, 2009.
Dr. Irwin’s and Dr. Austin’s reports detail Mr. Puderer’s medical condition prior to surgery, a description of the surgery, and his post-operative condition. The emergency room record details Mr. Puderer’s condition upon his arrival to the emergency room, the treatment administered, as well as Mr. Puderer’s explanation that he had been “assaulted” the night before.
Mr. Puderer contends that these medical records, pursuant to La. R.S. 13:3714,[1] are, as a matter of law, prima facie proof of their contents. This Court rejected this same argument in Dufrene, supra. There, a default judgment had been rendered against the defendant stemming from a personal injury action. See Dufrene, 917 So.2d at 1150. This Court reversed the default judgment, finding that the plaintiff had failed to establish a prima facie case. See id. at 1153. In reaching this conclusion, this Court found the plaintiff had not complied with La. C.C.P. art. 1702(D) and rejected the plaintiffs argument that pursuant to La. R.S. 13:3714, medical records are, as a matter of law, prima facie proof of their contents. See id. at 1152-53. This Court reasoned:
La. R.S. 13:3714 provides, in pertinent part, “that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, |7medical narrative, chart, or record as witnesses under cross-examination.” Reference is made in the statute to a trial and not to confirmation of a default. La. R.S. 13:3714 contemplates a trial and, as we read the statute, it does not pertain to default judgment *253 cases. Rather, La. C.C.P. 1702(D) specifically deals with default matters. While La. R.S. 13:3714 is a general statute, La. C.C.P. 1702(D) is a specific statute. Where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail.
Id. (Emphasis original).
The language of La. C.C.P. art. 1702(D) is clear that some type of sworn statement of the treating physician is required — either testimony (which by its nature is sworn, e.g., a deposition) or a sworn narrative report, e.g., an affidavit. Mount v. Hand Innovations, LLC, 12-326 (La.App. 5 Cir. 11/27/12), 105 So.3d 940, 943. A certified copy of a medical record is not the same as a sworn statement by a physician. Id. at 944. And while medical bills are admissible to support a plaintiffs testimony as to the fact that he had surgery and the costs incurred, they are inadmissible to show the services were necessary. Campbell v. Kendrick, 556 So.2d 140, 141— 42 (La.App. 5 Cir.1990).
In this ease, the evidence offered by Mr. Puderer included his and his mother’s testimony and certified copies of various medical records and medical bills. Although relator contends the surgeons’ reports and the emergency room record constitute “narrative reports” within the meaning of La. C.C.P. art. 1702(D), these do not contain a medical professional’s opinion as to the cause of Mr. Puderer’s injuries, and the record does not indicate that they were sworn.
As a result, we are bound to follow previous holdings from this Circuit that the type of evidence presented herein is insufficient to comply with the codal requirements for a default judgment. In the present case, we find that the evidence submitted by Mr. Puderer was insufficient to establish a prima facie case supporting an award of $107,283.65 plus legal interest and costs. Consequently, | sthe default judgment is vacated. Because we vacate the judgment based on the first assignment of error, we pretermit discussion of the other assignments.

DECREE

The judgment of the trial court is vacated and the matter is remanded. We pre-termit awarding costs for this appeal, leaving it to the trial court to determine which party ultimately shall be responsible for costs.

VACATED AND REMANDED.

. La. R.S. 13:3714(A) provides:
Whenever a certified copy of die chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A), certified or attested to by the state health care provider or the private health care provider, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination.