819 So.2d 293 (2002)
Calvin BELL
v.
DEMAX MANAGEMENT INC., Thibaut HG Corporation, Thibaut Properties C Corp, Central Village Apartments and Maple Leaf Apartments.
No. 2002-C-0618.
Supreme Court of Louisiana.
May 24, 2002.
GRANTED WITH ORDER
The ruling of the court of appeal is reversed and set aside. The court of appeal erred in deciding that the motion for new trial was untimely. La. C.C.P. art. 1913(A) requires notice of the signing of a final judgment in all contested cases, and requires that the notice be mailed by the clerk of court to counsel of record for each party, and to each party not represented by counsel. In the case of a default judgment, La. C.C.P. art. 1913(B) requires that the sheriff serve the notice of default judgment through personal or domiciliary service, on a defendant on whom citation was not served personally, and La. C.C.P. art. 1913(C) requires that, in the case of a defendant on whom citation was served personally, the notice be mailed by the clerk of court to the defendant at the address where personal service was obtained or the last known address of the defendant. La. C.C.P. art.1974 provides that the delay for asking for a new trial does not commence until the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
In this case, there is no Notice of Signing of Judgment in the record as required by La. C.C.P. art.1913. Further, there is nothing in the record to show that service of the notice of judgment was made as required by Article 1913. Thus, the time period proscribed in La. C.C.P. art.1974 had not begun to run when the defendants filed their motion for new trial. Accordingly, the case is remanded to the court of appeal to consider plaintiff's appeal of the *294 trial court ruling sustaining the exception of prescription.