WELCH, J.
In this workers’ compensation case, the employer, Heritage Manor of Mandeville, and its insurer, Employers Risk Management Services, appeal an amended judgment which “ORDERED, ADJUDGED, AND DECREED that the current complaints by Tess Ball of her low back and lower extremities [were] related to her work accident sustained on July 22, 2002, while in the course of her employment with Heritage Manor of Mandeville.”
This court’s appellate jurisdiction extends to “final judgments.” La. C.C.P. art.2083; Carter v. Williamson Eye Center, 2001-2016 p. 3 (La.App. 1st Cir.11/27/02), 837 So.2d 43, 44. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Carter, 2001-2016 at p. 2, 837 So.2d at 44.
The amended judgment on appeal in this matter does not contain any decre-tal language, does not specifically enter judgment in favor of or against a party to this proceeding, and does not award (or deny) workers’ compensation benefits of any kind or specify any other relief. Thus, the amended judgment is fatally defective and cannot be considered a final judgment for the purpose of appeal. SeeCarter, 2001-2016 at p. 2, 837 So.2d at 44.
Since the record in this matter does not contain a valid final judgment, we conclude that this court lacks subject matter jurisdiction, and therefore, we dismiss this appeal. Once a valid final judgment has been signed, a new appeal may be filed, and either party may request that this case be placed on the first available docket once the record of the new appeal is lodged and briefs are filed.
APPEAL DISMISSED.