RIVER CITY FEDERAL SAVINGS BANK
v.
GLENN E. JOHNSTON.
No. 2007 CA 0449.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
MARK C. LANDRY, Attorney for Plaintiff-Appellant, The Cadle Company.
HERSCHEL C. ADCOCK, SR., Attorney for Defendant-Appellee, Glenn E. Johnston.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
In this appeal, plaintiff, The Cadle Company (Cadle), challenges a trial court ruling dismissing its lawsuit seeking to revive a judgment against defendant, Glenn E. Johnston. We dismiss the appeal as untimely.

BACKGROUND
On March 6, 1989, River City Federal Savings Bank filed a lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge against Mr. Johnston, then a resident of Baton Rouge, Louisiana, seeking to enforce three promissory notes executed in its favor by Mr. Johnston. A default judgment was entered against Mr. Johnston on June 12, 1989, for the unpaid balance of the promissory notes.
On May 17, 1999, Cadle filed this petition against Mr. Johnston seeking to revive the June 12, 1989 judgment. In the petition, Cadle averred that it is the owner of the judgment by virtue of the following transfers:
a. On October 5, 1989, the Office of Thrift Supervision, appointed the Resolution Trust Corporation as receiver for River City Federal Savings Bank. As a result, all of the assets of River City Federal Savings Bank were transferred unto the receiver, including but not limited to the judgment sued upon herein.
b. Resolution Trust Corporation as receiver of River City Federal Savings Bank did transfer the said judgment to Premier Financial Services-Texas, L.P.
c. Premier Financial Services-Texas, L.P. did transfer the said judgment to The Cadle Company, all as evidenced by an Assignment of Judgment dated March 12, 1999, but effective October 5, 1998, a copy of which [is] attached hereto and made a part hereof.
At the time the lawsuit to revive was filed, Mr. Johnston was living in Texas. On May 24, 1999, a copy of the petition was sent to Mr. Johnston by certified mail. The certified mail was delivered on May 28, 1999.
On April 9, 2001, Cadle filed a motion for summary judgment. On April 24, 2003, Mr. Johnston filed an affidavit in opposition to the motion for summary judgment and also filed a peremptory exception raising the objections of prescription and no right of action. Mr. Johnston asserted, in addition to other theories, that he did not receive notice of the assignment as required by law to effectuate a valid assignment.
At the May 15, 2006 hearing, the trial court granted the exceptions of no right of action and prescription. In oral reasons for ruling, the court specifically found that a valid assignment of the underlying judgment did exist at the time the lawsuit to revive the judgment was filed, and thus, Cadle was the owner of the judgment at the time. However, the court found Mr. Johnston did not receive notice of this assignment within the 10-year prescriptive period, as required by La. C.C. art. 2643, for the assignment to be effective against him. The court concluded that due to the lack of notice, Cadle did not have a right of action against Mr. Johnston, and therefore, the lawsuit to revive the judgment had prescribed.
On June 29, 2006, the trial court signed a judgment sustaining the exception of no right of action. The written judgment does not afford Cadle an opportunity to amend the petition, contains no decretal language dismissing the lawsuit, and makes no mention of the prescription exception.
Thereafter, on July 14, 2006, Cadle filed a motion for leave to file a supplemental and amending petition to revive the judgment, asserting that Mr. Johnston received notice of the assignments on May 28, 1999, when he was served with the original petition to revive the judgment that specifically pled the assignments. Cadle asked the court to allow it to amend the petition to set forth the details of the transmittal of that notice to Mr. Johnston. In the alternative, Cadle filed a motion for a new trial.
On October 26, 2006, the trial court rendered judgment confirming the judgment granting the exception of no right of action rendered by it on May 15, 2006, denied the motion for leave to file a supplemental and amending petition to revive the judgment, and denied the motion for a new trial. The judgment dismissed the lawsuit with prejudice. The judgment was mailed to the parties on October 27, 2006.
On January 5, 2007, more than 60 days after the mailing of the trial court's refusal to grant the application for a new trial, Cadle filed a motion for a devolutive appeal of the trial court's October 26, 2006 judgment. The trial court granted the motion on January 8, 2007.

TIMELINESS OF THE APPEAL
After the appeal was lodged, this court, ex proprio motu, examined the record and found that the appeal appeared to have been filed untimely. Accordingly, on April 24, 2007, this court ordered the parties to show cause, by briefs, whether the appeal should or should not be dismissed. The issue of the timeliness of the appeal was referred to this panel after the appeal had been assigned.
On this issue, the record reflects the following pertinent dates and actions: On June 29, 2006, the trial court signed a judgment granting the exception of no right of action. The judgment does not give Cadle an opportunity to amend the petition and does not contain any decretal language. On July 7, 2006, notice of the judgment was mailed. Seven days later, on July 14, 2006, Cadle filed a motion for a new trial. On October 26, 2006, the trial court denied the motion for a new trial and entered judgment granting the no right of action and prescription exceptions and dismissing the lawsuit with prejudice. Notice of the judgment denying the motion for a new trial was mailed on October 27, 2006. Cadle's motion for appeal was filed on January 5, 2007, more than 60 days after the trial court entered judgment denying the motion for a new trial and notice of the refusal to grant a new trial was mailed.
Louisiana Code of Civil Procedure article 2087(A) provides that a devolutive appeal may be taken within 60 days of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
Mr. Johnston urges that under the clear language of La. C.C.P. art. 2087, Cadle had 60 days from the date that notice of the judgment denying the motion for a new trial was mailed on October 27, 2006 to file its motion for an appeal. The appeal delay, he submits, expired on December 27, 2006; however, Cadle did not file its motion for a devolutive appeal until January 5, 2007, about 10 days after the appeal delay had run.
Cadle contends, however, that its appeal is timely because it was filed within 60 days of the expiration of the time for filing a motion for a new trial after the rendition of the October 26, 2006 judgment. It posits that the June 29, 2006 judgment granting the exception of no right of action was not a final judgment because it did not dismiss the litigation, and maintains that the filing of that motion for a new trial from that interlocutory judgment did not trigger the running of prescription under La. C.C.P. art. 2087(A)(2). Cadle argues that the October 26, 2006 judgment is a final judgment from which an appeal lies, and from which it was entitled to file a motion for a new trial within seven days of the mailing of notice of the judgment, pursuant to La. C.C.P. art. 1974. Cadle contends that because it did not actually file a motion for a new trial, the appeal delay under La. C.C.P. art. 2087(A)(2) did not begin to run until the delay for applying for a new trial expired on November 7, 2006. According to Cadle's calculations, it had 60 days from that date to file its motion for a new appeal, which expired either on January 7 or 8, 2007. Therefore, Cadle maintains, because its motion was filed within 60 days of the expiration of the time for filing a motion for a new trial pursuant to La. C.C.P. art. 2087(A)(1), this appeal is timely.
We disagree. A judgment that sustains an exception of no right of action and does not allow time for amending the petition is a final judgment. See Shahla v. City of Port Allen, 601 So.2d 746, 750 (La. App. 1st Cir. 1992). The absence of decretal language from the June 29, 2006 judgment sustaining the exception of no right of action would have affected this court's jurisdiction over an appeal of the June 29, 2006 judgment. See In re C.E.F., XXXX-XXXX (La. App. 1st Cir. 9/14/07), ___ So.2d ___, ___; Ball v. Heritage Manor of Mandeville, XXXX-XXXX (La. App. 1st Cir. 5/4/07), 961 So.2d 414, 415. However, Cadle did not attempt to appeal the June 29, 2006 judgment to this court. Instead, it filed a motion for a new trial from a judgment that had the effect of ending its lawsuit. The October 26, 2006 judgment accomplished two things: (1) it cured any potential defect in this court's appellate jurisdiction over the June 29, 2006 judgment by including the appropriate decretal language, and (2) it denied Cadle's motion for a new trial. The real question in this case is whether the inclusion of decretal language in the October 26, 2006 judgment triggered a new appeal delay under La. C.C.P. art. 2087(A)(1) so as to extend the running of the 60-day delay to the expiration of the time for filing a new trial. We conclude it did not.
When a trial court denies a motion for a new trial, that judgment becomes final in the trial court and the trial court is without jurisdiction to entertain a second motion for a new trial. Correa v. HCA Health Services of Louisiana, Inc., 525 So.2d 1206, 1207 (La. App. 5th Cir. 1988). It is well settled that a party may not file a second motion for a new trial after a court has denied that party's motion for a new trial. Palmer & Palmer v. United Inv. Corp., 255 So.2d 611, 612 (La. App. 1st Cir. 1971), app. denied, 260 La. 689, 257 So.2d 151 (1972); South Central Bell v. Milton J. Womack & Associates, Inc., 97-2413 (La. App. 1st Cir. 11/6/98), 744 So.2d 635, 637, writ denied, 99-0644 (La. 4/23/99), 742 So.2d 889.
In Palmer, a plaintiff filed a motion for a new trial, which the trial court denied on January 22, 1971. The plaintiff did not appeal, but filed a second motion for a new trial, which was denied by the court on March 26, 1971. The plaintiff, who procured an order of appeal on June 1, 1971, asserted that the 90-day delay for taking a devolutive appeal under the version of La. C.C.P. art. 2087 in effect at that time did not commence until the date on which the second motion for a new trial was denied. This court disagreed, holding that that the first judgment denying the motion for a new trial triggered the running of the 90-day delay for appealing under La. C.C.P. art. 2087. The reason for the rule, this court stated, is simple: to rule otherwise would allow an unsuccessful party to interminably delay the effect of a judgment. Palmer, 257 So.2d at 612.
In accordance with the above authorities, we find that the denial of Cadle's motion for a new trial from a judgment granting the exception of no right of action triggered the appeal delay in La. C.C.P. art. 2087(A)(2). The 60-day delay for appealing began to run on October 27, 2006, the day notice of the judgment denying the motion for a new trial was mailed and expired on December 25, 2006, a holiday. The next day was also a holiday, making the final day for filing a motion to appeal December 27, 2006. Plaintiff's motion for an appeal was not filed until January 5, 2007, clearly outside the 60-day appeal delay. Therefore, this appeal is untimely and is hereby dismissed. All costs of this appeal are assessed to plaintiff, River City Federal Savings Bank.
APPEAL DISMISSED.
CARTER, C.J., DISSENTS FROM THE DISMISSAL OF THE PPEAL.
The Cadle Company (Cadle) is appealing the October 26, 2006, final judgment, not the June 29, 2006, judgment. The Cadle Company could not have taken an appeal from the June 29, 2006, judgment as that judgment is not precise, definite, or certain; it contains no decretal language; it did not dismiss Cadle's petition. See LSA-C.C.P. art. 1918; Johnson v. Mount Pilgrim Baptist Church, 05-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.
On July 14, 2006, Cadle filed a motion for leave to file a supplemental and amending petition as provided for in LSA-C.C.P. art. 934 and, in the alternative and "[o]ut of an abundance of caution, and to the extent it [might] be considered necessary," for a new trial. This motion was filed in response to the June 29, 2006, judgment and should not be construed as a motion for a new trial from the October 26, 2006, final judgment.
Cadle is entitled to the full time delays provided for in the Louisiana Code of Civil Procedure in exercising its right to appeal the October 26, 2006, final judgment, and its motion for appeal was timely filed. See LS-C.C.P. art. 1974; LSA-C.C.P. art. 2087A(1). It is the longstanding tenet of our law that appeals are favored. Appeals "should not be dismissed unless the law clearly requires a dismissal." Thurman v. Star Electric Supply, Inc., 283 So.2d 212, 217 (La. 1973).
For the foregoing reasons, I respectfully dissent from the dismissal of the appeal.