LISA SIMS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, TOI HOWARD, TREY SIMS AND TATELAN SIMS
v.
ALAN BARRIOS AND ALLSTATE INSURANCE COMPANY.
No. 2008 CA 0246.
Court of Appeals of Louisiana, First Circuit.
September 22, 2008.
NOT DESIGNATED FOR PUBLICATION
ANTHONY T. MARSHALL, Counsel for Plaintiff/Appellant Lisa Sims, individually and on behalf of her minor children, Toi Howard, Trey Sims and Tatelan Sims.
KATHERINE M. LaPORTE, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
Lisa Sims[1] appeals a judgment denying her petition to annul a judgment. We affirm the judgment in part, reverse and vacate in part, and remand to the trial court.
On the joint motion of Ms. Sims' counsel and counsel for Allstate Insurance Company, the trial court entered the following judgment on October 3, 2006:
IT IS ORDERED, ADJUDGED AND DECREED that the above numbered and entitled matter is hereby dismissed with full prejudice, as to plaintiffs, and as to all other demands, principal and incidental, at the cost of Allstate Insurance Company.
Ms. Sims argues that she did not intend to dismiss her claims against her uninsured motorist (UM) carrier, State Farm Insurance Company (State Farm), by this judgment. However, when her counsel inquired about her UM claims, they asserted that they had been dismissed by the judgment, and that State Farm had closed its file.
Ms. Sims' counsel then had the trial court sign an ex parte order reinstating Ms. Sims' claims against State Farm. State Farm then filed a peremptory exception of res judicata. Ms. Sims' counsel subsequently filed a petition to annul the judgment. The exception and the petition to annul were both heard on May 29, 2007. The trial court rendered judgment on August 2, 2007, denying Ms. Sims' petition to annul the judgment and granting State Farm's exception of res judicata.
Ms. Sims now appeals asserting one assignment of error: "[t]he trial court committed error when it denied the plaintiffs petition to annul judgment; where factual allegations of the plaintiff clearly showed that there was never an intent to dismiss the plaintiffs claims against State Farm." She does not directly challenge the trial court's ruling granting State Farm's peremptory exception of res judicata.

Discussion
Louisiana Code of /Civuk Procedure Art. 2004A provides that "[a] final judgment obtained by fraud or ill practices may be annulled." As this court observed in Stroscher v. Stroscher, 01-2769, p. 4 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523, this article is "sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure." (Emphasis added.) The trial court in its incisive reasons for judgment explained that there were "no circumstances surrounding the rendition of the Judgment at issue that amount to fraud or ill practice." A judgment "is not reversible on grounds of mere error." Morton Bldg., Inc. v. Redeeming Word of Life Church, 01-1837, p. 6 (La.App. 1 Cir. 10/16/02), 835 So.2d 685, 689.
Further, an action for nullity is not a substitute for an appeal or a motion for new trial. See Stroscher, 01-2769 at p. 4, 845 So.2d at 523-34. The October 3, 2006 judgment is a final judgment and the case was contested. The record before us contains no notice of judgment as required by La. C.C.P. art. 1913.[2] Therefore, new trial and appeal delays have yet to begin to run on the October 3, 2006 judgment Ms. Sims seeks to nullify. See La. C.C.P. arts. 1974, 2087, and 2123. It is "well settled that ... delays do not begin to run until proper notice is mailed by the clerk." Police Jury of the Parish of Ascension v. Shaffett, 95-0147, p. 4 (La.App. 1 Cir. 10/06/95), 671 So.2d 478, 480. (Regarding motions for new trial, see Bell v. Demax Management Inc., 02-0618, pp. 1-2 (La. 5/24/02), 819 So.2d 293, 293, and In re Succession of Sewell, 39,275, p. 4 (La.App. 2 Cir. 12/22/04), 895 So.2d 14, 17. Regarding appeals, see Pittman v. Pittman, 01-2528, pp. 3-4 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372.)
We will affirm the judgment insofar as it denies Ms. Sims' petition for nullity.
We note that the August 2, 2007 judgment on appeal before us grants the exception of prescription as to "further claims" against State Farm on grounds of res judicata. Specifically, the judgment provides as follows in this regard:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT State Farm Mutual Automobile Insurance Company's Exception of Res Judicata is granted and that any further claims against State Farm Mutual Automobile Insurance Company are barred by Res Judicata.
Implicit in Ms. Sims' challenge to the trial court's ruling on her petition for nullity, together with her argument that she should have her day in court, is a challenge to the ruling on the exception. See La. C.C.P. art. 2129 which states lain assignment of errors is not necessary in any appeal." See also La. C.C.P. art. 2164 which states that we are to render "any judgment which is just, legal, and proper upon the record on appeal." Since the October 3, 2006 judgment is not yet final, the trial court's ruling granting the peremptory exception of res judicata was improvidently granted. Accordingly, we will reverse the judgment in this regard.
Our appellate jurisdiction has not attached to the October 3, 2006 judgment[3]; we have no authority, therefore, to review, consider, or render any decision regarding it. Even so, we note that the underlying controversy results from decretal language that fails to specifically identify the parties in whose favor judgment is rendered and the parties against whom it is rendered. A valid final judgment must be precise, definite and certain. Laird v. St. Tammany Parish Safe Harbor, 02-0045, 02-0046 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365.
Louisiana law provides four ways to substantively amend a judgment. In Frisard v. Autin, 98-2637, p. 7 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818, this court explained that "substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal." The Frisard court also recognized that "on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively." Id.

Decree
For the foregoing reasons we affirm the trial court's judgment insofar as it denies Ms. Sims' petition to annul judgment. We reverse the judgment insofar as it grants State Farm's exception of res judicata and bars Ms. Sims' claims against it. Costs of this appeal are to be divided equally between Ms. Lisa Sims and State Farm Mutual Automobile Insurance Company. We remand this matter to the trial court. See Shaffet, 428 So.2d at 480.
AFFIRMED IN PART; REVERSED IN PART; REMANDED
WHIPPLE, J. concurring.
I concur in the result reached by the majority opinion, for the following reasons.
The essential facts of this case are that on January 28, 2005, Lisa Sims and Alan Barrios were involved in an auto accident in the parking lot of an Eckerds Drug Store. On April 5, 2005, Sims filed a petition for damages, naming as defendants Barrios and his insurer, Allstate Insurance Company. Sims subsequently amended her petition to name State Farm Insurance Company as a defendant under her UM policy. Sims settled her claims against Allstate and executed a Release and Indemnity Agreement on September 21, 2006. On September 29, 2006, a Joint Motion and Order of Dismissal was filed by counsel for Sims and counsel for Allstate. An order dismissing Sims' claims against Allstate was signed by the trial court on October 3, 2006.
In January of 2007, counsel for Sims contacted counsel for State Farm and was advised that the file had been closed as a result of the joint motion and order of dismissal. Thus, on January 18, 2007, Sims filed an ex parte motion and order entitled "Motion to Correct Entry of Judgment," seeking to reinstate her claims against State Farm. Therein, Sims contended that the Release and Indemnity Agreement and the Joint Motion of Dismissal were executed only in reference to claims against Allstate Insurance Company and that State Farm Insurance Company was not a party to the settlement. The trial court signed an order reinstating her claims against State Farm on January 19, 2007.
On April 13, 2007, State Farm filed a Peremptory Exception of Res Judicata contending that because the order signed on January 19, 2007 effectively altered the substance of the October 3, 2006 judgment, it was an absolute nullity and that all of Sims' claims had been dismissed with prejudice as a result of the October 3, 2006 judgment of dismissal. On May 22, 2007, Sims filed a Petition to Annul the October 3, 2006 judgment of dismissal. Arguments on the exception and the petition to annul were heard before the trial court on May 29, 2007. At that time, the trial court took the matter under advisement and left the record open for ten days for the parties to submit memoranda in opposition or as support.
On July 20, 2007, the trial court issued reasons for judgment regarding the petition to annul and the exception of res judicata and on August 2, 2007, then signed a judgment denying Sims' petition to annul and maintaining State Farm's exception of res judicata, which judgment is the subject of the instant appeal.
As the majority correctly notes, no notice of the October 3, 2007 judgment is found in the record as required by LSA-C.C.P. art. 1913. Moreover, the record contains no waiver of notice of a final judgment. See LSA-C.C.P. art. 1913(E)(2); see also LSA-C.C.P. art. 1974. Thus, the October 3, 2006 judgment of dismissal is not a final judgment for purposes of challenge through a suit for nullity, as only a final judgment may be the subject of an action of nullity. LSA-C.C.P. arts. 2001-2006; Gorvine v. Travelers Insurance Companies, 98-0287 (La. App. 4th Cir. 11/18/98), 724 So. 2d 248, 249.
Accordingly, I agree that the suit for nullity was premature in that the delays for taking an appeal, filing a motion for new trial, or seeking other modification seemingly have never commenced to run, as notice to the parties has not yet issued as to the October 3, 2006 judgment. Thus, I agree with the majority's conclusion that the trial court's ultimate denial of Sims' request for nullity directed to the October 3, 2006 judgment is correct. However, to the extent that the trial court may have considered the merits of Sims' suit or claim for nullity in rendering its judgment denying the request for nullity, as reflected in the written reasons, the trial court erred inasmuch as the October 3, 2006 judgment is still subject to modification by motion for new trial or appeal by any party, including Sims, absent some indication that these appeal delays were waived.
Further, with respect to the portion of the August 2, 2007 judgment granting State Farm's exception of res judicata on the merits, in my view, the trial court had no basis to even consider the petition for nullity absent a final judgment. Accordingly, to the extent that the majority opinion reverses the trial court's grant of State Farm's exception of res judicata, I concur.
Moreover, even if we were able to reach the merits of the exception, it is doubtful that the judgment at issue could have res judicata effect, given that State Farm was not a named defendant in the judgment. A final judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Carter v. Williamson Eye Center, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. Jenkins v. Recovery Technology Investors, XXXX-XXXX (La. App. 1st Cir. 6/27/03), 858 So. 2d 598, 599.
For these reasons, I respectfully concur in the result.
NOTES
[1] Lisa Sims filed this action individually and on behalf of her minor children.
[2] "In the absence of the clerk's certificate showing the date of the mailing of the judgment and to whom it was mailed, doubt should be resolved in favor of the right to appear Moon v. Moon. 244 So.2d 301, 302 (La.App. 1 Cir. 1970).
[3] See La. C.C.P. art. 2088.