GUIDRY, J.
|2In this personal injury action, defendant, Trevor Wilson, appeals from a judgment of the trial court confirming a default judgment against him and awarding plaintiff, Ryan Martinez, damages in the amount of $110,128.66: For the reasons that follow, we vacate, the judgment of the trial court and remand this matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On October 12, 2007, Martinez was a patron at Chevy’s, Inc. (Chevy’s).[1] While attempting to break up a fight between his friend, Christopher Forvendel, and Wilson, Martinez was struck in the face. Thereafter, on February 29, 2008, Martinez filed a petition for damages, naming Wilson, Chevy’s, and their respective insurers as defendants. Martinez alleged that Wilson punched him in his left cheek,,resulting in a mandible, fracture, which'required his mouth to be wired shut for approximately eight weeks and resulted in him losing twenty pounds, rendered him unable to eat solid foods, prevented him from speaking, prevented him from working, and forced him to drop two classes in which he was enrolled as a student. Martinez asserted that Wilson was liable for battery, entitling him to damages, including without limitation, present and future medical expenses, loss of income, and mental pain and suffering.[2]
*67 Thereafter, on May 5, 2008, counsel for Martinez filed a motion for a preliminary default, asserting that personal service of the petition was obtained upon Wilson on April 7, 2008, that Wilson had failed to appear or to file an answer to the petition, and that the legal delays for answering the petition had elapsed. |sAccordingly, counsel moved for a preliminary default against Wilson. The trial court subsequently entered a preliminary default against Wilson on May 27,2008.
Approximately two years later, on May 24, 2010, the trial court conducted a hearing on the confirmation of the previously entered default. Martinez and his counsel were present at the hearing, but. neither Wilson nor counsel on his behalf were present. At the hearing, counsel for Martinez stated that more-than two judicial days had elapsed since entry of the default and that Wilson , had still failed to appear or file an answer. Thereafter, the trial court heard testimony from Martinez, and counsel for Martinez offered exhibits into evidence, including uncertified medical records and medical bills, a Smoothie. King receipt, and a picture. At the conclusion of the hearing, the trial court granted judgment in favor of Martinez, awarding all medical expenses, Smoothie King expenses, and $100,000.00 in general damages. The trial court signed a judgment oh June 14, 2010, finding Wilson liable in the sum of $100,000,00 for personal injury damages and $10,128.66 for medical expenses for a total amount of $110,128.66, together with all court costs and judicial interest from the date of judicial demand until paid in full. However, no notice of the signing of the default judgment was mailed to Wilson as required by La. C.C.P. art. 1918(C).
On May 27, 2014, Wilson filed an exception, asserting insufficiency of citation,, insufficiency of service of process, and lack of personal jurisdiction and filed a motion for new trial, asserting that the judgment was clearly contrary to the law. and the evidence.[3] Following a hearing, the trial court signed a judgment ^denying the exception and the motion for new trial. Wilson now appeals from the trial court’s judgment confirming the default and awarding Martinez $110,128.66..
DISCUSSION
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by. the defendant. Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 7 (La.5/5/09), 9 So.3d 815, 820. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on. the merits. Arias, 08-1111 at p, 7, 9 So.3d at 820. A plaintiff seeking to confirm a default judgment must prove both the existence and the validity of his claim. Arias, 08-1111 at p. 7, 9 So.3d at 820. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be prov *68 en to be properly due. La. C.C.P. art. 1703; Arias, 08-1111 at p. 7, 9 So.3d at 820.
At the confirmation hearing, the plaintiff must adhere to the rules of evidence despite there being no opponent to urge objections. See Gorman v. Miller, 12-0412, p. 6 (La.App. 1st Cir.11/13/13), 136 So.3d 834, 840, writ denied, 13-2909 (La.3/21/14), 135 So.3d 620. Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment Arias, 08-1111 at p. 8, 9 So.3d at 820; see also Hall v. Folger Coffee Company, 02-0920, p. 12 (La.App. 4th Cir.10/1/03), 857 So.2d 1234, 1244, writs denied, 03-1756 (La.10/17/03), 855 So.2d 762 and 03-3416 (La.6/25/04), 876 So.2d 827.
An exception to the general rule of inadmissible evidence is found in La. C.C.P. art. 1702(B)(2), which states that:
When a demand is based upon a delietual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie cáse, shall be admissible, self-authenticating, and ^sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
Additionally, La. C.C.P. art. 1702(D) provides thát “[wjhen the demand is'based upon a claim for a personal injury, a sworn narrative report of the treating physician or dentist may be offered in lieu of his testimony.” These special legislative provisions relax the general rule as to the inadmissibility of hearsay, and unless one of these exceptions applies, hearsay does not constitute competent evidence to establish a prima facie case. Goldfinch v. United Cabs, Inc., 08-1447, p. 6 (La.App. 4th Cir.5/13/09), 13 So.3d 1173, 1178.
In reviewing -default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias, 08-1111 at p. 5, 9 So.3d at 818. This determination is a factual one governed by the manifest error standard of review. Arias, 08-1111 at p. 5, 9 So.3d at 818.
Wilson first contends that Martinez failed to present sufficient evidence that Wilson was the person who punched him. At the confirmation hearing, Martinez testified that he was on the dance floor at Chevy’s and went to see his friend. When he went up to his friend, a man was pushing‘him. Martinez stated that after the man pushed his friend down, the man turned to him and punched him in the face. ■Martinez identified the man as the defendant, Trevor Wilson. Additionally, Martinez’s version of events was largely corroborated by the affidavit testimony of Casey Zeller, an employee at Chevy’s on the night in question.- Zeller-stated that she saw Martinez on the dance floor trying to calmly talk to “Trevor,” whose jaw was locked and whose fists;’were clenched: Zel-ler • stated that she saw “Trevor” push Martinez’s friend. Zeller stated that Martinez was trying to back up the crowd to protect them, and that “Trevor” was about seven feet away from Martinez when he paused, looked at Martinez, and then lunged and hit Martinez in the jaw. | (Accordingly, based on the foregoing, Martinez presented sufficient evidence to establish that Wilson punched him. See La. C.C.P. art. 1702(B)(2).
Wilson further argues that Martinez failed to present sufficient- evidence that he sustained injury from the alleged altercation. At trial, Martinez stated that he suffered a fractured jaw as a result of having been punched in the face. Howev *69 er, given that Martinez failed to establish how he was qualified to render that medical opinion, his testimony is clearly hear? say and therefore inadmissible. See La. C.E. art. ,801. Furthermore, Martinez failed to introduce competent medical evidence, either in the form of deposition or trial testimony from a treating physician, a sworn narrative report from a treating physician, or certified medical records, to prove the existence of his injuries and a causal connection between the injuries and the alleged battery.[4] See La. C.C.P. art. 1702(D); see also Oliver v. Cal Dive International Inc., 02-1122, p. 4 (La.App. 1st Cir.4/2/03), 844 So.2d 942, 945, writs denied, 03-1230 (La.9/19/03), 853 So.2d 638 and 03-1796 (La.9/19/03), 853 So.2d 648 (finding letters from treating physician contained in certified medical records were sufficient to establish a prima facie case to confirm a default in a delictual action); Puderer v. Honey’s Amusement Corporation, 14-317, p. 7 (La.App. 5th Cir.10/29/14), 164 So.3d 249, 253 (holding that a sworn narrative report or testimony of plaintiffs treating physician is necessary to establish a causal connection between plaintiffs accident and injuries); Gonzales v. Build-A-Bear Workshop. Inc., 09-368, pp. 8-9 (La.App. 5th Cir.12/8/09), 30 So.3d 27, 31 (holding that a sworn narrative report or testimony from a treating physician is necessary to establish a prima facie case). Absent such evidence, Martinez failed to produce sufficient evidence to establish a prima facie case, and the trial court erred in confirming the default judgment against Wilson.
^CONCLUSION
For the foregoing reasons, we vacate the default judgment rendered in favor of Ryan Martinez and remand this matter for further proceedings. All costs of this appeal are assessed to the plaintiff, Ryan Martinez.
VACATED AND REMANDED.
CHUTZ, and HOLDRIDGE, JJ., concurs.

. Chevy’s name as indicated in its motion for summary judgment and oh the insurance policy issued by Founder’s Insurance Company is Chevy’s on the Avenue, LLC.

. Martinez also asserted claims for negligence on the part of Chevy’s ánd/or its employees. However, Chevy's was subsequently dismissed from the action pursuant to a judgment sustaining its motion for summary judgment, wherein the trial court found that there was no basis of liability in tort, whether negligent or intentional, against Chevy's as a matter of law, This judgment was affirmed by this court in Martinez v. Wilson, 09-0442 (La.App. 1st Cir.10/23/09) (unpublished opinion).

. We find, contrary to Martinez’s assertion in brief on appeal, that Wilson’s motion for new trial and subsequent motion for devolutive appeal were timely filed. See La. C.C.P. arts. 1913, 1914, 1974, and 2087; see also Bell v. Demax Management, Inc., 02-0618, p. 1 (La.5/24/02), 819 So.2d 293; Adair Asset Management, LLC/US Bank v. Honey Bear Lodge, Inc., 12-1690, p. 12 (La.App, 1st Cir.2/13/14), 138 So.3d 6, 15-16; Voelkel v. State, 95-0147 (La.App. 1 Cir. 10/6/95), 671 So.2d 478, 480 n. 2, writ denied, 95-2676 (La. 1/12/96), 667 So.2d 523; 9029 Jefferson Highway, L.L.C. v. S & D Roofing, L.L.C., 13-588, pp. 4-5 (La.App. 5th Cir.2/26/14), 136 So.3d 313, 315-316.

. Martinez offered uncertified copies of his medical records; however, this evidence is inadmissible. See La. R.S. 13:3714(A).