GUIDRY, J.
In this personal injury action, defendant, Trevor Wilson, appeals from a judgment of the trial court awarding plaintiff, Ryan Martinez, damages in the amount of $35,128.66. For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
On October 12, 2007, Martinez was a patron at Chevy's, Inc. (Chevy's). While attempting to break up a fight between his friend, Christopher Forvendel, and Wilson, Martinez was struck in the face. Thereafter, on February 29, 2008, Martinez filed a petition for damages, naming Wilson, Chevy's, and their respective insurers as defendants. Martinez alleged that Wilson punched him in the left cheek, resulting in a mandible fracture, which required his jaw to be wired shut for approximately eight weeks and resulted in him losing *408 thirty pounds, rendered him unable to eat solid foods, prevented him from speaking, prevented him from working, and forced him to drop two classes in which he was enrolled as a student. Martinez asserted that Wilson was liable for battery, entitling him to damages, including without limitation, present and future medical expenses, loss of income, and mental pain and suffering.[1]
Thereafter, counsel for Martinez filed a motion for preliminary default, which the trial court granted on May 27, 2008. Following a hearing to confirm the default judgment, the trial court signed a judgment in favor of Martinez, awarding him special and general damages. Wilson appealed the trial court's judgment to this court, and we vacated the judgment, finding that Martinez had failed to produce sufficient evidence to establish a prima facie case, and remanded the matter to the trial court for further proceedings. Martinez v. Wilson, 15-0384, pp. 6-7 (La. App. 1st Cir. 12/17/15), 185 So.3d 65, 69.
On January 4, 2016, Wilson filed an answer to Martinez's petition, denying the allegations and raising affirmative defenses, including self-defense, failure to mitigate damages, and comparative fault of Martinez, Forvendel, and Chevy's. Following a one-day bench trial, the trial court signed a judgment on January 12, 2017, in favor of Martinez and against Wilson, finding Wilson was an intentional tortfeasor pursuant to La. C.C. art. 2323, and awarding damages (special and general) to Martinez in the amount of $35,128.66, subject to a credit for any restitution previously paid. In reasons for judgment issued on January 31, 2017, the trial court noted that its reference to La. C.C. art. 2323 was in error, and found Wilson to be 100 percent at fault. On the same date, the trial court signed an amended judgment, finding in favor of Martinez and against Wilson and again awarding damages (special and general) to Martinez in the amount of $35,128.66.
Thereafter, Wilson filed a motion and order of appeal from the trial court's January 12, 2017 judgment. On appeal, Wilson asserts that the trial court erred: by failing to find Martinez committed an intentional tort; in failing to apportion fault to Martinez and other actors; in failing to find Wilson acted in self-defense; and in awarding damages in the amount of $35,128.66.
DISCUSSION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 11-0520, p. 8 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 12-0360 (La. 4/9/12), 85 So.3d 698. This court's appellate jurisdiction extends to "final judgments." La. C.C.P. arts. 1918 and 2083 ; Ball v. Heritage Manor of Mandeville, 06-1379, p. 1 (La. App. 1st Cir. 5/4/07), 961 So.2d 414, 415 ; Carter v. Williamson Eye Center, 01-2016, p. 3 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. A final judgment must contain decretal language. Ball, 06-1379 at p. 1, 961 So.2d at 415. Louisiana Code of Civil Procedure article 1918 states that "[a] final judgment shall be identified as such by appropriate language." It is well settled that a final judgment must be precise, *409 definite, and certain. La. C.C.P. art. 1918 and Official Revision Comment (a); Laird v. St. Tammany Parish Safe Harbor, 02-0045, p. 2 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Generally, a final judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Gaten v. Tangipahoa Parish School System, 11-1133, p. 3 (La. App. 1st Cir. 3/23/12), 91 So.3d 1073, 1074. The amount of the recovery awarded by a judgment must be stated in the judgment with certainty and precision, so that a third person is able to determine from the judgment the party cast and the amount owed without reference to other documents in the record or extrinsic sources. See Vanderbrook v. Coachmen Industries, Inc., 01-0809, pp. 11-12 (La. App. 1st Cir. 5/10/02), 818 So.2d 906, 913-914.
The judgment at issue in the instant case awards damages in the amount of $35,128.66, subject to a "credit for any restitution ... previously paid ... in connection with this matter." Because the amount of the credit is not apparent from a reading of the judgment, and requires reference to extrinsic sources, the amount of damages is not stated with certainty and precision, and the judgment is not a valid, final judgment. As such, this court lacks jurisdiction to consider the merits of the appeal. See Gaten, 11-1133 at p. 4, 91 So.3d at 1074.
CONCLUSION
For the foregoing reasons, we dismiss the appeal. All costs of this appeal are assessed to Trevor M. Wilson.
APPEAL DISMISSED.
Pettigrew, P. concurs.

Martinez also asserted claims of negligence on the part of Chevy's and/or its employees. However, Chevy's was subsequently dismissed from the action pursuant to a judgment granting its motion for summary judgment, wherein the trial court found that there was no basis of liability in tort, whether negligent or intentional, against Chevy's as a matter of law. This judgment was affirmed by this court in Martinez v. Wilson, 09-0442 (La. App. 1st Cir. 10/23/09) (unpublished opinion).