STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0734

ROBERT J. THERIOT

VERSUS

WENDY L. THIBODEAUX, IN HER CAPACITY AS ASSESSOR OF
LAFOURCHE PARISH, AND CRAIG WEBRE, IN HIS CAPACITY AS
SHERIFF OF LAFOURCHE PARISH

Judgment Rendered: _____DEC 2 7 2024_____

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket No. 144956

The Honorable Christopher J. Boudreaux, Judge Presiding

Jerald P. Block                    Counsel for Defendants/Appellants,
Matthew P. Hymel                   Wendy L. Thibodeaux, in her capacity
Thibodaux, Louisiana               as Assessor of Lafourche Parish, and
                                   Craig Webre, in his capacity as Sheriff of
                                   Lafourche Parish

Leslie J. Clement, Jr.             Counsel for Plaintiff/Appellee,
Thibodaux, Louisiana               Robert J. Theriot

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

This matter is before us on appeal by Wendy L. Thibodeaux, in her capacity as Assessor of Lafourche Parish, from an adverse judgment of the trial court granting plaintiff, Robert J. Theriot, a homestead exemption. For the reasons that follow, the appeal is dismissed, the answer to appeal is dismissed, and this matter is remanded.

## FACTUAL AND PROCEDURAL HISTORY

Robert J. Theriot filed suit against Wendy L. Thibodeaux, in her capacity as Assessor of Lafourche Parish ("the Assessor"), and Craig Webre, in his capacity as Sheriff of Lafourche Parish ("the Sheriff"),[1] alleging that the Assessor erroneously removed a homestead exemption and "Disability Freeze" for the years 2010 through 2021 on residential property at 414 Eagle Drive, Raceland, Louisiana, which was owned by Mr. Theriot. Mr. Theriot further alleged that the Assessor denied his subsequent reapplication for a homestead exemption and "Senior Freeze" on said property in July of 2021. Mr. Theriot thus sought a judgment reversing the Assessor's decision to remove the homestead exemption and "Disability Freeze" for the years 2010 through 2021; alternatively, limiting the elimination of the homestead exemption and "Disability Freeze" for a period of three years prior to 2022; and, in the further alternative, granting Mr. Theriot a homestead exemption and "Senior Freeze" for 2021. Mr. Theriot subsequently filed a supplemental and amending petition seeking a reduction of the assessed value of the property for the 2021 and 2022 tax years.

_____

[1]Although the Sheriff was named as a defendant in Mr. Theriot's petition, we are unable to determine whether the Sheriff was served with citation of Mr. Theriot's original petition, which requested that service be withheld. Moreover, the Sheriff did not file an answer in these proceedings, nor did he appear at the trial on the merits. Thus, on the record before us, we are unable to determine whether the Sheriff was properly joined in this suit.

The Assessor answered the petitions generally denying the allegations and urging affirmative defenses. The matter proceeded to trial against the Assessor on November 17, 2023, and January 11, 2024.[2]

On April 1, 2024, the trial court signed a judgment, which provided as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the primary residence of Robert J. Theriot since at least January 1, 2010 has been 414 Eagle Drive, Raceland, Louisiana 70394.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Robert J. Theriot has been and is still entitled to a homestead exemption on his residence at 414 Eagle Drive, Raceland, Louisiana 70394 from January 1, 2010 through the present date.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Robert J. Theriot has been and continues to be entitled to a "disability freeze" and/or "senior freeze" on his residence located at 414 Eagle Drive, Raceland, Louisiana 70394 from January 1, 2010 through the present date.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Robert J. Theriot shall be reimbursed by the Lafourche Parish Sheriff's Office[3] for the amount of all Ad-Valorem property taxes which he paid on his residence at 414 Eagle Drive, Raceland, Louisiana 70394, in excess of what he should have been required to pay, plus legal interest on the amount of reimbursement owed, after recalculation of the amount of tax owed on that property in accordance with the provisions contained in the above three (3) paragraphs.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that except for the cost of the Rule for Preliminary Injunction for which the Office of Assessor Wendy L. Thibodeaux has

---

[2]In the interim, Mr. Theriot sought a preliminary injunction to enjoin the Sheriff from including the property in a scheduled tax sale, which was granted by the trial court.

[3]We note that although the Sheriff was named as a defendant in this matter, the judgment before us orders reimbursement by the "Lafourche Parish Sheriff's Office," which is neither a party or juridical person capable of being sued. See Cavin v. Craig Neal & Sons Farm, LLC, 2011-1415 (La. App. 1st Cir. 3/23/12), 2012 WL 994625, *1, n.1, writ denied, 2012-1205 (La. 9/21/12), 98 So. 3d 340. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. La. C.C. art. 24. The Lafourche Parish Sheriff's Office is an office operated by an elected official, the sheriff, who derives his authority from the Louisiana Constitution Article V, § 27. The office of the Sheriff has no legal status and is simply the functional organization by and through which the Sheriff carries out his official duties. It is not *sui juris,* it does not have the capacity to enter into contracts, nor can it be a legal party to litigation. See Cott Index Co. v. Jagneaux, 96-860 (La. App. 3rd Cir. 12/26/96), 685 So. 2d 656, 658, writ denied, 97-0254 (La. 3/21/97), 691 So. 2d 85. Thus, the judgment improperly renders judgment against the Lafourche Parish Sheriff's Office.

3

already been cast, Robert J. Theriot shall pay all other court costs in this matter.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the claim made by Robert J. Theriot in the Supplemental and Amending Petition filed by him regarding the valuation of the property at 414 Eagle Drive, Raceland, Louisiana 70394, which issue was previously bifurcated, is dismissed, with prejudice and at the cost of Robert J. Theriot.

The Assessor filed the instant suspensive appeal, urging several assignments of error.[4]

## DISCUSSION

At the outset, we must recognize that appellate courts have a duty to examine their subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. Boudreaux v. State, Department of Transportation and Development, 2001-1329 (La. 2/26/02), 815 So. 2d 7, 13 (*per curiam*). An appellate court cannot determine the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. See La. C.C.P. art. 2083; Aurora Loan Services LLC v. Glass, 2017-1760 (La. App. 1st Cir. 12/6/18), 2018 WL 6381915, *2 (unpublished).

A final judgment shall be identified as such by appropriate language and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. La. C.C.P. art. 1918(A). A valid judgment must be precise, definite, and certain. Wilmington Savings Fund Society, FSB, As Trustee of Stanwich Mortgage Loan Trust A v. Davis, 2021-1456 (La. App. 1st Cir. 7/29/22), 2022 WL 3009748, *2 (unpublished). The specific relief granted should be determinable from the judgment without reference to other documents in the record or extrinsic sources. U.S. Bank National Association as Trustee for RFMSI

---

[4]Although the motion for suspensive appeal and appellate brief were captioned as filed by the Assessor and the Sheriff, for the reasons set forth in footnote one, the Sheriff cannot appeal a judgment if he has not been properly joined in the suit.

4

2005S7 v. Dumas, 2021-0585 (La. App. 1st Cir. 12/22/21), 340 So. 3d 246, 248; Wilmington Savings Fund Society, 2022 WL 3009748 at *2.

Otherwise stated, to be legally enforceable as a valid judgment, the amount of the recovery awarded by a judgment must be stated in the judgment with certainty and precision, so that a third person is able to determine from the judgment the party cast and the amount owed without reference to other documents in the record or extrinsic sources. Martinez v. Wilson, 2017-0922 (La. App. 1st Cir. 4/3/18), 248 So. 3d 406, 409. A final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with La. C.C.P. art. 1951 within the time set by the appellate court. La. C.C.P. art. 1918(A). However, as determined herein, the judgment before us is not a valid final judgment.

The April 1, 2024 judgment before us on appeal orders "that [Mr.] Theriot shall be reimbursed by the Lafourche Parish Sheriff's Office *for the amount of all Ad-Valorem property taxes which he paid* on his residence at 414 Eagle Drive, Raceland, Louisiana 70394, *in excess of what he should have been required to pay*, plus legal interest *on the amount of reimbursement owed, after recalculation of the amount of tax owed* on that property[.]" (Emphasis added.)

The judgment does not award a certain and definite amount of damages. Instead, the judgment awards reimbursement of certain taxes paid in excess of an unknown sum, without calculating the amount of the taxes paid or owed, and further awards interest on said amount of reimbursement taxes after the taxes owed are recalculated. This deficiency in the judgment is not a simple omission of amounts previously determined by the trial court. These amounts have yet to be calculated and thus must be determined by the trial court after consideration of any relevant evidence presented. The fixing and determination of these awards will require additional actions by the parties as well as the court. Because the judgment

5

does not award a certain and definite amount, but instead awards amounts that are yet to be calculated or that must be determined from extrinsic sources, the judgment is not a valid final judgment over which we may exercise our appellate jurisdiction. See Aurora Loan Services LLC, 2018 WL 6381915 at *3; U.S. Bank National Association, 340 So. 3d at 250 ("A judgment that awards a sum to which must be added the costs of additional expenses that are yet to be calculated is not a final judgment over which this court can exercise appellate jurisdiction."); Martinez, 248 So. 3d at 409 ("The judgment at issue in the instant case awards damages ... subject to a 'credit for any restitution ... previously paid ... in connection with this matter.' Because the amount of the credit is not apparent from a reading of the judgment, and requires reference to extrinsic sources, the amount of damages is not stated with certainty and precision, and the judgment is not a valid, final judgment. As such, this court lacks jurisdiction to consider the merits of the appeal.").

We further note that this judgment does not fall within any category of partial judgments that are immediately appealable under La. C.C.P. art. 1915(A) and the judgment lacks a certification that it is immediately appealable pursuant to La. C.C.P. art. 1915(B).

Accordingly, the Assessor's appeal of the April 1, 2024 judgment is dismissed, as it was taken from a judgment that is not final or otherwise subject to an immediate appeal. This matter is remanded to the trial court to conduct further proceedings for a determination of the amounts awarded in the April 1, 2024 judgment.

## ANSWER TO APPEAL

Mr. Theriot filed an answer to the instant appeal, challenging the trial court's assessment of costs and further seeking an award of attorney's fees and costs for frivolous appeal. Pursuant to La. C.C.P. art. 2133, an answer to an appeal is in the

6

character of a cross appeal in which the appellee takes advantage of an appeal entered and perfected by an appellant, in the hope of procuring an alteration or amendment of the judgment rendered in a manner beneficial to the appellee. Nicaud v. Nicaud, 2016-1531 (La. App. 1st Cir. 9/15/17), 227 So.3d 329, 330. Thus, because the answer to the appeal is based on the same non-final, non-appealable April 1, 2024 judgment of the trial court, we lack jurisdiction over said answer. Walker v. Walker, 2020-0172 (La. App. 1st Cir. 11/6/20), 2020 WL 6536427, *4, writ denied, 2021-00092 (La. 3/9/21), 312 So. 3d 587. Accordingly, we also dismiss Mr. Theriot's answer to the appeal.

## CONCLUSION

For the above and foregoing reasons, this appeal is dismissed, the answer to appeal is dismissed, and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed one-half to the defendant/appellant, Wendy L. Thibodeaux, in her capacity as Assessor of Lafourche Parish, and one-half to the plaintiff/appellee, Robert J. Theriot.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED; REMANDED.**